APPEAL,CAT B

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: <u>1:23–cr–00257–TSC</u>–1

Case title: USA v. TRUMP                     Date Filed: 08/01/2023

Assigned to: Judge Tanya S.
Chutkan

**<u>Defendant (1)</u>**

**DONALD J. TRUMP**          represented by   **John F. Lauro**
LAURO & SINGER
400 N. Tampa Street
15th Floor
Tampa, FL 33602
(813) 222–8990
Fax: (813) 222–8991
Email: jlauro@laurosinger.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Emil Bove**
BLANCHE LAW
99 Wall Street, Suite 4460
New York, NY 10005
212–716–1250
Email: emil.bove@blanchelaw.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Filzah I. Pavalon**
LAURO & SINGER
400 N. Tampa Street
15th Floor
Tampa, FL 33602
(813) 222–8990
Fax: (813) 222–8991
Email: fpavalon@laurosinger.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Todd Blanche**
BLANCHE LAW
99 Wall Street
New York, NY 10005
(212) 716–1250

Email: toddblanche@blanchelaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Designation: Pro Hac Vice*

| **Pending Counts** | **Disposition** |
|---|---|
| 18 U.S.C. 371; CONSPIRACY TO DEFRAUD THE UNITED STATES; Conspiracy to Defraud the United States (1) | |
| 18 U.S.C. 1512(k); TAMPERING WITH WITNESS, VICTIM, OR AN INFORMANT; Conspiracy to Obstruct an Official Proceeding (2) | |
| 18 U.S.C. 1512(c)(2), 2; TAMPERING WITH A WITNESS, VICTIM OR INFORMANT; Obstruction of, and Attempt to Obstruct, an Official Proceeding (3) | |
| 18 U.S.C. 241; CONSPIRACY AGAINST RIGHTS OF CITIZENS; Conspiracy Against Rights (4) | |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

USA                                            represented by   **J.P. Cooney**
                                                               U.S. ATTORNEY'S OFFICE FOR THE
                                                               DISTRICT OF COLUMBIA
                                                               555 Fourth Street, NW
                                                               Washington, DC 20530
                                                               (202) 252–7281
                                                               Email: joseph.cooney@usdoj.gov
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*
                                                               *Designation: Assistant U.S. Attorney*

                                                               **James Pearce**
                                                               U.S. DEPARTMENT OF JUSTICE
                                                               CRIMINAL DIVISION APPELLATE
                                                               SECTION
                                                               Department of Justice, Criminal Division
                                                               950 Pennsylvania Ave NW
                                                               Suite 1250
                                                               Washington, DC 20530
                                                               (202) 532–4991
                                                               Fax: (202) 305–2121
                                                               Email: james.pearce@usdoj.gov
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*
                                                               *Designation: Assistant U.S. Attorney*

                                                               **Molly Gulland Gaston**
                                                               U.S. ATTORNEY'S OFFICE FOR THE
                                                               DISTRICT OF COLUMBIA
                                                               555 Fourth Street, NW
                                                               Washington, DC 20530
                                                               (202) 252–7803
                                                               Email: molly.gaston@usdoj.gov
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*
                                                               *Designation: Assistant U.S. Attorney*

                                                               **Thomas Windom**
                                                               555 Fourth Street NW
                                                               Washington, DC 20530
                                                               202–252–7846
                                                               Email: thomas.windom@usdoj.gov
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*
                                                               *Designation: Assistant U.S. Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/01/2023 | 1 | INDICTMENT as to DONALD J. TRUMP (1) count(s) 1, 2, 3, 4. (zltp) (Entered: 08/01/2023) |

| 08/01/2023 | 3 | MOTION to Seal Case by USA as to DONALD J. TRUMP. (Attachments: # 1 Text of Proposed Order)(zltp) (Entered: 08/01/2023) |
|---|---|---|
| 08/01/2023 | 4 | ORDER granting 3 Motion to Seal Case as to DONALD J. TRUMP (1). Signed by Magistrate Judge Moxila A. Upadhyaya on 8/1/2023. (zltp) (Entered: 08/01/2023) |
| 08/01/2023 | | Case unsealed as to DONALD J. TRUMP (zltp) (Entered: 08/01/2023) |
| 08/03/2023 | 5 | NOTICE OF ATTORNEY APPEARANCE: John F. Lauro appearing for DONALD J. TRUMP (Lauro, John) (Entered: 08/03/2023) |
| 08/03/2023 | 7 | MOTION for Leave to Appear Pro Hac Vice Todd Blanche Filing fee $ 100, receipt number ADCDC–10252226. Fee Status: Fee Paid. by DONALD J. TRUMP. (Lauro, John) (Entered: 08/03/2023) |
| 08/03/2023 | 8 | Summons Returned Executed on 8/3/2023 as to DONALD J. TRUMP. (ztl) (Entered: 08/04/2023) |
| 08/03/2023 | | MINUTE ORDER as to Donald J. Trump: As required by Rule 5(f), the United States is ordered to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland and its progeny. Not doing so in a timely manner may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges and contempt proceedings.Signed by Magistrate Judge Moxila A. Upadhyaya on 8/3/2023. (ztl) (Entered: 08/04/2023) |
| 08/03/2023 | | ORAL MOTION for Speedy Trial by USA as to DONALD J. TRUMP. (ztl) (Entered: 08/04/2023) |
| 08/03/2023 | | Minute Entry for proceedings held before Magistrate Judge Moxila A. Upadhyaya: Return on Summons/Initial Appearance/Arraignment as to Counts 1,2,3,4 held on 8/3/2023. Plea of Not Guilty entered as to all counts. The Court advised the Government of its due process obligation under Rule 5(f).Status Conference set for 8/28/2023 at 10:00 AM in Courtroom 9– In Person before Judge Tanya S. Chutkan. Bond Status of Defendant: Defendant Remain on Personal Recognizance; Court Reporter: Jeff Hook; Defense Attorney: John Lauro and Todd Blanche; US Attorney: Thomas Windom and Molly Gaston; Pretrial Officer: Takeysha Robinson. (ztl) (Entered: 08/04/2023) |
| 08/03/2023 | | MINUTE ORDER as to DONALD J. TRUMP: A status conference will be held in this matter on August 28, 2023 at 10:00 AM in Courtroom 9 before Judge Tanya S. Chutkan. The court waives the requirement for Defendant to appear at that conference. It is hereby ORDERED that Defendant shall file any motion for excluding the time until the next status conference from the Speedy Trial Act clock by August 8, 2023; and that the government shall file any opposition to that motion by August 13, 2023. It is FURTHER ORDERED that by August 10, 2023, the government shall file a brief proposing a trial date and providing an estimate of the time required to set forth the prosecution's case in chief during that trial; and that by August 17, 2023, Defendant shall file a response brief likewise proposing a trial date and estimating, to the extent possible, the time required to set forth the defense at trial. Signed by Judge Tanya S. Chutkan on 8/3/2023. (ztl) (Entered: 08/04/2023) |
| 08/03/2023 | 13 | ORDER Setting Conditions of Release as to DONALD J. TRUMP (1) Personal Recognizance. Signed by Magistrate Judge Moxila A. Upadhyaya on 8/3/2023. (Attachment: # 1 Appearance Bond) (znjb) (Entered: 08/07/2023) |
| 08/04/2023 | 9 | |

| | | |
|---|---|---|
| | | MOTION for Leave to Appear Pro Hac Vice Filzah I. Pavalon Filing fee $ 100, receipt number ADCDC–10255735. Fee Status: Fee Paid. by DONALD J. TRUMP. (Lauro, John) (Entered: 08/04/2023) |
| 08/04/2023 | <u>10</u> | MOTION for Protective Order by USA as to DONALD J. TRUMP. (Attachments: # <u>1</u> Text of Proposed Order)(Gaston, Molly) (Entered: 08/04/2023) |
| 08/05/2023 | | MINUTE ORDER as to DONALD J. TRUMP: It is hereby ORDERED that by 5:00 PM on August 7, 2023, Defendant shall file a response to the government's <u>10</u> Motion for Protective Order, stating Defendant's position on the Motion. If Defendant disagrees with any portion of the government's proposed Protective Order, ECF No. 10–1, his response shall include a revised version of that Protective Order with any modifications in redline. Signed by Judge Tanya S. Chutkan on 08/05/2023. (lcss) (Entered: 08/05/2023) |
| 08/05/2023 | | MINUTE ORDER as to DONALD J. TRUMP: Granting <u>9</u> Motion for Leave to Appear Pro Hac Vice. Filzah I. Pavalon is hereby admitted pro hac vice to appear in this matter on behalf of Defendant. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCrR 44.5(a).** <u>Click for instructions</u>. Signed by Judge Tanya S. Chutkan on 08/05/2023. (lcss) (Entered: 08/05/2023) |
| 08/05/2023 | <u>11</u> | MOTION for Extension of Time to File Response/Reply as to <u>10</u> MOTION for Protective Order , MOTION for Hearing by DONALD J. TRUMP. (Attachments: # <u>1</u> Text of Proposed Order)(Lauro, John) (Entered: 08/05/2023) |
| 08/05/2023 | <u>12</u> | RESPONSE by USA as to DONALD J. TRUMP re <u>11</u> MOTION for Extension of Time to File Response/Reply as to <u>10</u> MOTION for Protective Order MOTION for Hearing (Gaston, Molly) (Entered: 08/05/2023) |
| 08/05/2023 | | MINUTE ORDER as to DONALD J. TRUMP: Defendant's <u>11</u> Motion for Extension of Time is hereby DENIED. Defendant may continue to confer with the government regarding its proposed protective order before or after the August 7, 2023 5:00 PM deadline for his response. The court will determine whether to schedule a hearing to discuss the proposed protective order after reviewing Defendant's response and, if included, his revised proposed protective order with modifications in redline. Signed by Judge Tanya S. Chutkan on 08/05/2023. (lcss) (Entered: 08/05/2023) |
| 08/06/2023 | | Set/Reset Deadline as to DONALD J. TRUMP: Defendant shall file a response to the government's <u>10</u> Motion for Protective Order, stating Defendant's position on the Motion by 5:00 PM on August 7, 2023. If Defendant disagrees with any portion of the government's proposed Protective Order, (Dkt. #10–1), his response shall include a revised version of that Protective Order with any modifications in redline. (jth) (Entered: 08/06/2023) |
| 08/07/2023 | <u>14</u> | RESPONSE by DONALD J. TRUMP re <u>10</u> MOTION for Protective Order (Lauro, John) (Entered: 08/07/2023) |
| 08/07/2023 | <u>15</u> | REPLY in Support by USA as to DONALD J. TRUMP re <u>10</u> MOTION for Protective Order (Gaston, Molly) (Entered: 08/07/2023) |
| 08/07/2023 | | MINUTE ORDER as to DONALD J. TRUMP: Upon consideration of the government's <u>10</u> Motion for Protective Order and Defendant's <u>14</u> Response, as well as the government's <u>15</u> Reply, the court will schedule a hearing on the parties' respective proposals. The court will waive the requirement of Defendant's appearance. Accordingly, it is hereby ORDERED that no later than 3:00 PM on August 8, 2023, |

| | | |
|---|---|---|
| | | the parties shall meet and confer and file a joint notice of two dates and times on or before August 11, 2023 when both parties are available for a hearing. Signed by Judge Tanya S. Chutkan on 08/07/2023. (lcss) (Entered: 08/07/2023) |
| 08/08/2023 | | Set/Reset Deadline as to DONALD J. TRUMP: by 3:00 PM on 8/8/2023, the parties shall meet and confer and file a joint notice of two dates and times on or before 8/11/2023 when both parties are available for a hearing. (jth) (Entered: 08/08/2023) |
| 08/08/2023 | 16 | TRANSCRIPT OF RETURN ON SUMMONS/INITIAL APPEARANCE/ARRAIGNMENT in case as to DONALD J. TRUMP before Magistrate Judge Moxila A. Upadhyaya held on August 3, 2023. Page Numbers: 1 – 24. Date of Issuance: August 8, 2023. Court Reporter: Jeff Hook. Contact Information: 202−354−3373 | jeff_hook@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 8/29/2023. Redacted Transcript Deadline set for 9/8/2023. Release of Transcript Restriction set for 11/6/2023.(Hook, Jeff) (Entered: 08/08/2023) |
| 08/08/2023 | 17 | NOTICE *by the Parties in Response to Court's August 7, 2023 Minute Order* by USA as to DONALD J. TRUMP re Order,, (Gaston, Molly) (Entered: 08/08/2023) |
| 08/08/2023 | | MINUTE ORDER as to DONALD J. TRUMP: The court hereby schedules a hearing on the parties' respective protective order proposals in this matter on August 11, 2023 at 10:00 AM in Courtroom 9. The requirement of Defendant's appearance is waived for this hearing. Signed by Judge Tanya S. Chutkan on 08/08/2023. (lcc) (Entered: 08/08/2023) |
| 08/08/2023 | 18 | MOTION to Exclude *Time Under Speedy Trial Act* by DONALD J. TRUMP. (Attachments: # 1 Text of Proposed Order Granting Motion)(Lauro, John) (Entered: 08/08/2023) |
| 08/09/2023 | | Set/Reset Hearing as to DONALD J. TRUMP: A Hearing on the Parties' Respective Protective Order Proposals is set for August 11, 2023, at 10:00 AM in Courtroom 9. before Judge Tanya S. Chutkan. The requirement of Defendant's appearance is waived for this hearing. (jth) (Entered: 08/09/2023) |
| 08/09/2023 | 19 | ENTERED IN ERROR.....NOTICE *Updated Certificate of Good Standing* by DONALD J. TRUMP re 7 MOTION for Leave to Appear Pro Hac Vice Todd Blanche Filing fee $ 100, receipt number ADCDC−10252226. Fee Status: Fee Paid. (Lauro, John) Modified on 8/9/2023 (zhsj). (Entered: 08/09/2023) |
| 08/09/2023 | | NOTICE OF ERROR as to DONALD J. TRUMP regarding 19 Notice (Other). The following error(s) need correction: Incorrect format (Letter)− correspondence is not |

| | | |
|---|---|---|
| | | permitted (LCrR 49(f)(4)). Please refile as a Notice of Filing attaching your Certificate of Good Standing to a Notice of Filing Document Containing the Caption of the Court. (zhsj) (Entered: 08/09/2023) |
| 08/09/2023 | 20 | NOTICE *of Filing* by DONALD J. TRUMP re 7 MOTION for Leave to Appear Pro Hac Vice Todd Blanche Filing fee $ 100, receipt number ADCDC−10252226. Fee Status: Fee Paid. (Lauro, John) (Entered: 08/09/2023) |
| 08/09/2023 | | MINUTE ORDER as to DONALD J. TRUMP: Granting 7 Motion for Leave to Appear Pro Hac Vice **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCrR 44.5(a).** Click for instructions as to DONALD J. TRUMP (1). Signed by Magistrate Judge Moxila A. Upadhyaya on 8/9/2023. (zcll) (Entered: 08/09/2023) |
| 08/09/2023 | 21 | NOTICE OF ATTORNEY APPEARANCE: Filzah Pavalon appearing for DONALD J. TRUMP (Pavalon, Filzah) (Entered: 08/09/2023) |
| 08/10/2023 | 22 | MOTION for Leave to Appear Pro Hac Vice Gregory M. Singer Filing fee $ 100, receipt number ADCDC−10266892. Fee Status: Fee Paid. by DONALD J. TRUMP. (Lauro, John) (Entered: 08/10/2023) |
| 08/10/2023 | 23 | RESPONSE TO ORDER OF THE COURT by USA as to DONALD J. TRUMP re Order,,,, Set Deadlines,,, *Government's Response to Court's August 3, 2023 Minute Order* (Gaston, Molly) (Entered: 08/10/2023) |
| 08/10/2023 | 25 | MOTION for Hearing *Pursuant to Classified Information Procedures Act* by USA as to DONALD J. TRUMP. (Attachments: # 1 Text of Proposed Order)(Windom, Thomas) (Entered: 08/10/2023) |
| 08/10/2023 | 26 | Memorandum in Opposition by USA as to DONALD J. TRUMP re Motion for Speedy Trial, 18 Motion to Exclude (Gaston, Molly) (Entered: 08/10/2023) |
| 08/10/2023 | | MINUTE ORDER as to DONALD J. TRUMP: Granting 22 Motion for Leave to Appear Pro Hac Vice. Gregory M. Singer is hereby admitted pro hac vice to appear in this matter on behalf of Defendant. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCrR 44.5(a).** Click for instructions. Signed by Judge Tanya S. Chutkan on 08/10/2023. (lcc) (Entered: 08/10/2023) |
| 08/10/2023 | 27 | NOTICE OF ATTORNEY APPEARANCE: Todd Blanche appearing for DONALD J. TRUMP (Blanche, Todd) (Entered: 08/10/2023) |
| 08/10/2023 | | MINUTE ORDER as to DONALD J. TRUMP: The government's 24 Sealed Motion for Leave to Submit Exhibit Ex Parte and Under Seal is hereby DENIED without prejudice. Signed by Judge Tanya S. Chutkan on 8/10/2023. (zjd) (Entered: 08/10/2023) |
| 08/11/2023 | | Minute Entry for proceedings held before Judge Tanya S. Chutkan: Hearing on the Parties' Respective Protective Order Proposals as to DONALD J. TRUMP held on 8/11/2023. The Court shall issue a protective order consistent with the rulings made on the record. Oral Order of the Court granting Government's 25 Motion for Pretrial Conference Pursuant to the Classified Information Procedures Act. This hearing shall proceed on August 28, 2023 at 10:00 AM in Courtroom 9 before Judge Tanya S. Chutkan. Bond Status of Defendant: remains on Personal Recognizance; Court Reporter: Bryan A. Wayne; Defense Attorneys: John F. Lauro, Gregory M. Singer, and Todd Blanche; US Attorneys: Thomas Windom and Molly G. Gaston. (zjd) (Entered: 08/11/2023) |

| 08/11/2023 | | MINUTE ORDER as to DONALD J. TRUMP: The government's <u>25</u> Motion for Hearing Pursuant to Classified Information Procedures Act (CIPA) is GRANTED. Defense counsel consented to the motion during the August 11, 2023 hearing. Accordingly, the court will hold a hearing pursuant to CIPA Section 2 during the status conference currently scheduled for August 28, 2023. Signed by Judge Tanya S. Chutkan on 8/11/2023. (zjd) (Entered: 08/11/2023) |
|---|---|---|
| 08/11/2023 | <u>28</u> | PROTECTIVE ORDER GOVERNING DISCOVERY AND AUTHORIZING DISCLOSURE OF GRAND JURY TESTIMONY as to DONALD J. TRUMP. Consistent with the rulings made on the record during the hearing on August 11, 2023, the Court grants in part and denies in part the Government's <u>10</u> Motion for Protective Order. Signed by Judge Tanya S. Chutkan on 8/11/2023. (zjd) (Entered: 08/11/2023) |
| 08/11/2023 | <u>29</u> | TRANSCRIPT OF HEARING ON PROTECTIVE ORDER in case as to DONALD J. TRUMP before Judge Tanya S. Chutkan held on August 11, 2023; Page Numbers: 1–73. Date of Issuance: 8/11/2023. Court Reporter: Bryan A. Wayne. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/1/2023. Redacted Transcript Deadline set for 9/11/2023. Release of Transcript Restriction set for 11/9/2023.(Wayne, Bryan) (Main Document 29 replaced on 8/23/2023) (zhsj). (Entered: 08/11/2023) |
| 08/17/2023 | <u>30</u> | RESPONSE TO ORDER OF THE COURT by DONALD J. TRUMP re Order,,,, Set Deadlines,,, (Attachments: # <u>1</u> Exhibit, # <u>2</u> Exhibit, # <u>3</u> Exhibit, # <u>4</u> Exhibit, # <u>5</u> Exhibit, # <u>6</u> Exhibit, # <u>7</u> Exhibit)(Lauro, John) (Entered: 08/17/2023) |
| 08/21/2023 | <u>31</u> | MOTION for Leave to File *Reply Brief* by USA as to DONALD J. TRUMP. (Attachments: # <u>1</u> Text of Proposed Order Proposed Order)(Windom, Thomas) (Entered: 08/21/2023) |
| 08/21/2023 | | MINUTE ORDER as to DONALD J. TRUMP: The government's <u>31</u> Motion for Leave to File Reply is hereby GRANTED. The government may file a reply in support of its brief proposing a trial date by August 22, 2023. The reply brief shall be limited to six pages. Signed by Judge Tanya S. Chutkan on 8/21/2023. (zjd) (Entered: 08/21/2023) |
| 08/21/2023 | <u>32</u> | RESPONSE TO ORDER OF THE COURT by USA as to DONALD J. TRUMP re Order,,,, Set Deadlines,,, Order on Motion for Leave to File,, Set/Reset Deadlines, *(Reply Brief)* (Windom, Thomas) (Entered: 08/21/2023) |
| 08/21/2023 | <u>40</u> | |

| | | |
|---|---|---|
| | | LEAVE TO FILE DENIED–Motion of D.A. Feliciano for Leave to File Amicus Curiae Brief Supporting Neither Plaintiff Nor Defendant as to DONALD J. TRUMP. "This document is unavailable as the Court denied its filing. Although Courts have in rare instances exercised their discretion to permit third–party submissions in criminal cases, neither the Federal Rules of Criminal Procedures nor the Local Rules contemplate the filing of amicus curiae briefs. At this time, the court does not find it necessary to depart from the ordinary procedures course by permitting this filing". Signed by Judge Tanya S. Chutkan on 8/21/2023. (zhsj) (Entered: 08/29/2023) |
| 08/21/2023 | 41 | LEAVE TO FILE DENIED– Motion for Judicial Notice Affidavit of Victor Shorkin as to DONALD J. TRUMP. This document is unavailable as the Court denied its filing. "This document is unavailable as the Court denied its filing. Although Courts have in rare instances exercised their discretion to permit third–party submissions in criminal cases, neither the Federal Rules of Criminal Procedures nor the Local Rules contemplate the filing of amicus curiae briefs. At this time, the court does not find it necessary to depart from the ordinary procedures course by permitting this filing". Signed by Judge Tanya S. Chutkan on 8/21/2023. (zhsj) (Entered: 08/29/2023) |
| 08/21/2023 | 42 | LEAVE TO FILE DENIED–Motion to Intervene as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. "This document is unavailable as the Court denied its filing. Although Courts have in rare instances exercised their discretion to permit third–party submissions in criminal cases, neither the Federal Rules of Criminal Procedures nor the Local Rules contemplate the filing of amicus curiae briefs. At this time, the court does not find it necessary to depart from the ordinary procedures course by permitting this filing". Signed by Judge Tanya S. Chutkan on 8/21/2023. (zhsj) (Entered: 08/29/2023) |
| 08/21/2023 | 43 | LEAVE TO FILE DENIED–Petition for a Writ of Habeas Corpus as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. "This document is unavailable as the Court denied its filing. Although Courts have in rare instances exercised their discretion to permit third–party submissions in criminal cases, neither the Federal Rules of Criminal Procedures nor the Local Rules contemplate the filing of amicus curiae briefs. At this time, the court does not find it necessary to depart from the ordinary procedures course by permitting this filing".. Signed by Judge Tanya S. Chutkan on 8/21/2023. (zhsj) (Entered: 08/29/2023) |
| 08/21/2023 | 44 | LEAVE TO FILE DENIED– Galaxy Bar Association as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. "This document is unavailable as the Court denied its filing. Although Courts have in rare instances exercised their discretion to permit third–party submissions in criminal cases, neither the Federal Rules of Criminal Procedures nor the Local Rules contemplate the filing of amicus curiae briefs. At this time, the court does not find it necessary to depart from the ordinary procedures course by permitting this filing". Signed by Judge Tanya S. Chutkan on 8/21/2023. (zhsj) (Entered: 08/29/2023) |
| 08/21/2023 | 45 | LEAVE TO FILE DENIED– Amicus Curiae in Support of Donald Trump as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. "This document is unavailable as the Court denied its filing. Although Courts have in rare instances exercised their discretion to permit third–party submissions in criminal cases, neither the Federal Rules of Criminal Procedures nor the Local Rules contemplate the filing of amicus curiae briefs. At this time, the court does not find it necessary to depart from the ordinary procedures course by permitting this filing". Signed by Judge Tanya S. Chutkan on 8/21/2023. (zhsj) (Entered: 08/29/2023) |

| 08/21/2023 | 46 | LEAVE TO FILE DENIED– Moton of Former Judges and Senior Legal Officials for Leave to File an Amicus Curiae Brief in Support of Government Proposed Trial Date and Schedule as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. "This document is unavailable as the Court denied its filing. Although Courts have in rare instances exercised their discretion to permit third–party submissions in criminal cases, neither the Federal Rules of Criminal Procedures nor the Local Rules contemplate the filing of amicus curiae briefs. At this time, the court does not find it necessary to depart from the ordinary procedures course by permitting this filing". Signed by Judge Tanya S. Chutkan on 8/21/2023. (zhsj) (Entered: 08/29/2023) |
| --- | --- | --- |
| 08/21/2023 | 81 | LEAVE TO FILE DENIED– MOTION TO INTERVENE THE OUTCOME OF CASE AFFECTS DAVID REGINALD HERON AFTER MOTION INTERVENE GRANTED [DAVID FILE SEPARATE MOTION – RULING TO HIRE ATTORNEY] as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. "Even if construed as a motion for leave to file an amicus curiae brief, the court is not persuaded that filing thissubmission is warranted. Although courts have in rare instances exercised their discretion to permit third–party submissions in criminal cases, neither the Federal Rules of Criminal Procedure nor the Local Criminal Rulescontemplate the filing of amicus curiae briefs. At this time, the court does not find it necessary to depart from the ordinary procedural course by permitting this filing". Signed by Judge Tanya S. Chutkan on 8/21/2023. (zhsj) (Entered: 10/06/2023) |
| 08/22/2023 | 33 | Consent MOTION to Appoint a Classified Information Security Officer by USA as to DONALD J. TRUMP. (Attachments: # 1 Text of Proposed Order Proposed Order)(Windom, Thomas) (Entered: 08/22/2023) |
| 08/22/2023 | | MINUTE ORDER as to DONALD J. TRUMP: The government's 33 Consent Motion to Appoint a Classified Information Security Officer is hereby GRANTED. The court will issue a separate sealed order designating the Officer and any alternate Officers. Signed by Judge Tanya S. Chutkan on 8/22/2023. (zjd) (Entered: 08/22/2023) |
| 08/22/2023 | 35 | Unopposed MOTION for Protective Order *Pursuant to the Classified Information Procedures Act* by USA as to DONALD J. TRUMP. (Attachments: # 1 Text of Proposed Order Proposed CIPA Protective Order)(Windom, Thomas) (Entered: 08/22/2023) |
| 08/22/2023 | 37 | ORDER as to DONALD J. TRUMP granting 35 Unopposed MOTION for Protective Order Pursuant to the Classified Information Procedures Act. Signed by Judge Tanya S. Chutkan on 8/22/2023. (zjd) (Entered: 08/22/2023) |
| 08/28/2023 | | Minute Entry for proceedings held before Judge Tanya S. Chutkan: Status Conference and Hearing Pursuant to Classified Information Procedures Act (CIPA) as to DONALD J. TRUMP held on 8/28/2023. In the interests of justice (XT), and for the reasons stated on the record, the Court grants Defendant's 18 Motion for Exclusion of Time Under Speedy Trial Act. The time from 8/3/2023 through and including 8/28/2023 shall be excluded in computing the date for speedy trial in this case. Jury Trial in this matter is set for March 4, 2024 at 9:30 AM in Courtroom 9 before Judge Tanya S. Chutkan. Bond Status of Defendant: appearance waived, remains on personal recognizance; Court Reporter: Bryan Wayne; Defense Attorneys: John F. Lauro and Todd Blanche; US Attorneys: Molly G. Gaston and Thomas Windom. (zjd) (Entered: 08/28/2023) |

| 08/28/2023 | 38 | TRANSCRIPT OF 8/28/23 STATUS HEARING in case as to DONALD J. TRUMP before Judge Tanya S. Chutkan held on August 28, 2023; Page Numbers: 1–61. Date of Issuance: 8/28/2023. Court Reporter: Bryan A. Wayne. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 9/18/2023. Redacted Transcript Deadline set for 9/28/2023. Release of Transcript Restriction set for 11/26/2023.(Wayne, Bryan) (Entered: 08/28/2023) |
| 08/28/2023 | 39 | PRETRIAL ORDER as to DONALD J. TRUMP: Upon consideration of the parties' Proposed Briefing Schedules 23 30 32 , the court hereby sets the following pretrial schedule. All pre–trial motions, excluding motions in limine, due 10/9/23, oppositions due 10/23/23, and replies due 11/6/23. Motions in limine and Suppression Motions due 12/27/23, oppositions due 1/9/24, and replies due 1/22/24. Not later than 12/4/23, the government shall provide notice of evidence it intends to offer pursuant to Fed. R. Evid. 404(b). Parties shall exchange expert witnesses on 12/11/23. Parties shall exchange exhibit lists by 12/18/23 and file any objections to exhibits by 1/3/24; replies due 1/9/24. Proposed jury instructions and voir dire questions due 1/15/24. Parties shall exchange witness lists by 2/19/24. Trial will commence on 3/4/24 at 9:30 a.m. in Courtroom 9 unless otherwise specified. See Order for additional details and instructions. Signed by Judge Tanya S. Chutkan on 8/28/2023. (zjd) **Modified on 10/6/2023: See 82 Opinion and Order for amendments made to this order.** (zjd). (Entered: 08/28/2023) |
| 09/05/2023 | | VACATED PURSUANT TO MINUTE ORDER FILED 9/5/2023.....MINUTE ORDER as to DONALD J. TRUMP: The Government's 47 Motion for Leave to File Unredacted Motion Under Seal, and to File Redacted Motion on Public Docket is hereby GRANTED. The Clerk of the Court is directed to file under seal the unredacted copy of the Government's Motion (ECF No. 47–1), attaching Exhibit 1 to the Government's Motion (ECF No. 47–2). The Clerk of the Court is further directed to file on the public docket the redacted copy of the Government's Motion (ECF No. 47–3), attaching a placeholder sheet for Exhibit 1 to the Motion (ECF No. 47–4), and the two proposed orders referenced in the Motion (ECF Nos. 47–5 and 47–6). Signed by Judge Tanya S. Chutkan on 9/5/2023. (zjd) Modified on 9/5/2023 (zjd). (Entered: 09/05/2023) |
| 09/05/2023 | 48 | MOTION to Vacate by DONALD J. TRUMP. (Lauro, John) (Entered: 09/05/2023) |
| 09/05/2023 | 49 | Memorandum in Opposition by USA as to DONALD J. TRUMP re 48 Motion to Vacate (Gaston, Molly) (Entered: 09/05/2023) |

| 09/05/2023 | | MINUTE ORDER as to DONALD J. TRUMP: Defendant's 48 Motion to Vacate is hereby GRANTED. The court's previous Minute Order of September 5, 2023 is VACATED. Defendant shall respond to the government's 47 Motion for Leave to File by September 11, 2023; the government may file a Reply by September 13, 2023. Any opposition or reply may be filed under seal. Going forward, all motions, including motions for leave to file, must (1) indicate whether the movant has conferred with opposing counsel, and (2) state the nonmovant's position on the motion, if known. As it has done here, the court may require briefing on motions for leave to file under seal on a timeline shorter than the default periods provided for in the Local Criminal Rules. However, all such briefing may be filed under seal without further order of the court. Signed by Judge Tanya S. Chutkan on 9/5/2023. (zjd) (Entered: 09/05/2023) |
|---|---|---|
| 09/11/2023 | 50 | MOTION for Recusal by DONALD J. TRUMP. (Attachments: # 1 Exhibit Transcript Excerpt 1, # 2 Exhibit Transcript Excerpt 2)(Lauro, John) (Entered: 09/11/2023) |
| 09/11/2023 | | MINUTE ORDER as to DONALD J. TRUMP: Upon consideration of Defendant's 50 Motion for Recusal, it is hereby ORDERED that the government shall file any opposition no later than September 14, 2023, and the defense shall file any reply within three calendar days from the filing date of the government's opposition. All other deadlines set by the court remain in effect. Defense counsel is reminded of the requirement to confer with opposing counsel before filing any motion and to indicate whether the motion is opposed. See 09/05/2023 Second Minute Order. Future motions that fail to comply with that requirement may be denied without prejudice. Signed by Judge Tanya S. Chutkan on 9/11/2023. (zjd) (Entered: 09/11/2023) |
| 09/13/2023 | 77 | LEAVE TO FILE DENIED–Application for Relief in a Criminal Case by a Person not a Party–Applicant Charles E. Hill as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. Signed by Judge Tanya S. Chutkan on 9/13/2023. (zhsj) (Entered: 10/06/2023) |
| 09/13/2023 | 78 | LEAVE TO FILE DENIED–Application for Relief in a Criminal Case by a Person not a Party–Applicant Charles E. Hill as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. "Even if construed as a motion for leave to file an amicus curiae brief, the court is not persuaded thatfiling this submission is warranted. Although courts have in rare instances exercised their discretionto permit third–party submissions in criminal cases, neither the Federal Rules of Criminal Procedurenor the Local Criminal Rules contemplate the filing of amicus curiae briefs. At this time, the courtdoes not find it necessary to depart from the ordinary procedural course by permitting this filing". Signed by Judge Tanya S. Chutkan on 9/13/2023. (zhsj) (Entered: 10/06/2023) |
| 09/13/2023 | 79 | LEAVE TO FILE DENIED– Petition for a Writ of Habeas Corpus Continued Application to Arrest Protective Order Dated: 8/11/23 as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. "Even if construed as a motion for leave to file an amicus curiae brief, the court is not persuaded thatfiling this submission is warranted. Although courts have in rare instances exercised their discretion to permit third–party submissions in criminal cases, neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules contemplate the filing of amicus curiae briefs. At this time,the court does not find it necessary to depart from the ordinary procedural course by permitting this filing". Signed by Judge Tanya S. Chutkan on 9/13/2023. (zhsj) (Entered: 10/06/2023) |
| 09/13/2023 | 80 | |

| | | |
|---|---|---|
| | | LEAVE TO FILE DENIED–Letter Regarding Defendant's Right to Attend Trial as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. "Even if construed as a motion for leave to file an amicus curiae brief, the court is not persuaded that filing this submission is warranted. Although courtshave in rare instances exercised their discretion to permit third–party submissions in criminal cases, neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules contemplate the filing of amicus curiae briefs. At this time, the court does not find it necessary to depart from the ordinaryprocedural course by permitting this filing" Signed by Judge Tanya S. Chutkan on 9/13/2023. (zhsj) (Entered: 10/06/2023) |
| 09/13/2023 | 83 | LEAVE TO FILE DENIED–Motion to Decriminalize as to DONALD J. TRUMP. This document is unavailable as the Court denied its filing. Signed by Judge Tanya S. Chutkan on 9/13/2023. (zhsj) (Entered: 10/06/2023) |
| 09/13/2023 | 84 | LEAVE TO FILE DENIED– Petition for Intervention as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. "Even if construed as a motion for leave to file an amicus curiae brief, the court is not persuaded that filing this submission is warranted. Although courts have in rareinstances exercised their discretion to permit third–partysubmissions in criminal cases, neither the Federal Rulesof Criminal Procedure nor the Local Criminal Rulescontemplate the filing of amicus curiae briefs. At thistime, the court does not find it necessary to depart fromthe ordinary procedural course by permitting this filing". Signed by Judge Tanya S. Chutkan on 9/13/2023. (zhsj) (Entered: 10/06/2023) |
| 09/14/2023 | 53 | MOTION FOR BRIEFING SCHEDULE as to DONALD J. TRUMP. (Lauro, John) Modified on 9/15/2023 (zhsj). (Entered: 09/14/2023) |
| 09/14/2023 | 54 | Memorandum in Opposition by USA as to DONALD J. TRUMP re 50 Motion for Recusal (Gaston, Molly) (Entered: 09/14/2023) |
| 09/15/2023 | 55 | Opinion and Order as to DONALD J. TRUMP granting the government's 47 Motion for Leave to File Unredacted Motion Under Seal, and to File Redacted Motion on Public Docket, and granting in part and denying in part Defendant's 53 Motion for Briefing Schedule. Defendant shall file any Opposition to the government's substantive Motion by September 25, 2023, and the government shall file any Reply by September 30, 2023. The Clerk of the Court is directed to file under seal the unredacted copy of the government's substantive Motion (ECF No. 47–1), attaching Exhibit 1 to the that Motion (ECF No. 47–2) under seal as well. The Clerk of the Court is further directed to file on the public docket the redacted copy of the government's Motion (ECF No. 47–3), attaching a placeholder sheet for Exhibit 1 to the Motion (ECF No. 47–4), and attaching the two proposed orders referenced in the Motion (ECF Nos. 47–5 and 47–6). Finally, the Clerk of the Court is directed to unseal Defendant's motion, ECF No. 53. See Order for details. Signed by Judge Tanya S. Chutkan on 9/15/2023. (zjd) (Entered: 09/15/2023) |
| 09/15/2023 | 57 | MOTION to Ensure that Extrajudicial Statements Do Not Prejudice these Proceedings by USA as to DONALD J. TRUMP. (Attachments: # 1 Exhibit, # 2 Text of Proposed Order Exhibit 47–5, # 3 Text of Proposed Order Exhibit 47–6) (zhsj) (Attachment 2 replaced on 9/21/2023) (zhsj). (Entered: 09/15/2023) |
| | | *Main Document* |
| | | Attachment # 1 *Exhibit* |
| | | Attachment # 2 *Text of Proposed Order Exhibit 47–5* |

| | | |
|---|---|---|
| | | Attachment # 3 *Text of Proposed Order Exhibit 47–6* |
| 09/17/2023 | 58 | REPLY in Support by DONALD J. TRUMP re 50 MOTION for Recusal (Lauro, John) (Entered: 09/17/2023) |
| 09/25/2023 | 59 | NOTICE *of Filing* by USA as to DONALD J. TRUMP (Attachments: # 1 Cover Sheet)(Gaston, Molly) (Entered: 09/25/2023) |
| 09/25/2023 | 60 | Memorandum in Opposition by DONALD J. TRUMP re 57 Motion for Miscellaneous Relief, (Lauro, John) (Entered: 09/25/2023) |
| 09/27/2023 | 61 | MEMORANDUM OPINION and ORDER as to DONALD J. TRUMP denying 50 Defendant's Motion for Recusal of District Judge Pursuant to 28 U.S.C. § 455(a). See attached memorandum opinion and order for full details. Signed by Judge Tanya S. Chutkan on 9/27/2023. (zjd) (Entered: 09/27/2023) |
| 09/27/2023 | 62 | MOTION for Extension of Time to *File CIPA Sect. 5 and response to ex parte notice* by DONALD J. TRUMP. (Blanche, Todd) (Entered: 09/27/2023) |
| 09/27/2023 | 67 | LEAVE TO FILE DENIED– Petition for Writ of Error Corum Noblis and Memorandum of Law in Support Thereof as to DONALD J. TRUMP. This document is unavailable as the Court denied its filing. "Even if construed as a motion for leave to file an amicus curiae brief, the court is not persuaded that filing this submission is warranted. Although courts have in rare instances exercised their discretion to permit third–party submissions in criminal cases, neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules contemplate the filing of amicus curiae briefs. At this time, the court does not find it necessary to depart from the ordinary procedural course by permitting this filing". Signed by Judge Tanya S. Chutkan on 9/27/2023. (zhsj) (Entered: 10/05/2023) |
| 09/27/2023 | 68 | LEAVE TO FILE DENIED–Motion to Intervene as to DONALD J. TRUMP. This document is unavailable as the Court denied its filing. "Even if construed as a motion for leave to file an amicus curiae brief, the court is not persuaded that filing this submission is warranted. Although courts have in rare instances exercised their discretion to permit third–party submissions in criminal cases,neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules contemplate the filing of amicus curiae briefs. At this time, the court does notfind it necessary to depart from the ordinary procedural course by permitting this filing". Signed by Judge Tanya S. Chutkan on 9/27/2023. (zhsj) (Entered: 10/05/2023) |
| 09/27/2023 | 69 | LEAVE TO FILE DENIED– Application for Relief in a Criminal Case by a Person not a Party–Applicant Charles E. Hill as to DONALD J. TRUMP. This document is unavailable as the Court denied its filing. "Even if construed as a motion for leave to file an amicus curiae brief, the court is not persuaded that filing this submission is warranted. Although courts have in rare instances exercised their discretion to permit third–party submissions in criminal cases, neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules contemplate the filing of amicus curiae briefs. At this time, the court does not find it necessary to depart from the ordinary procedural course by permitting this filing". Signed by Judge Tanya S. Chutkan on 9/27/2023. (zhsj) (Entered: 10/05/2023) |
| 09/27/2023 | 70 | LEAVE TO FILE DENIED–Motion for Reconsideration of Order Date 8/21/2023 as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. "Even if construed as a motion for leave to file an amicus curiae brief, the court is not persuaded that filing this submission is warranted. Although courts have in rare |

| | | |
|---|---|---|
| | | instances exercised their discretion to permit third–partysubmissions in criminal cases, neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules contemplate the filing of amicus curiae briefs. At this time, the court does not find it necessary to depart from the ordinary procedural course by permitting this filing". Signed by Judge Tanya S. Chutkan on 9/27/2023. (zhsj) (Entered: 10/05/2023) |
| 09/27/2023 | 71 | LEAVE TO FILE DENIED– Motion to Intervene as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. "Even if construed as a motion for leave to file an amicus curiae brief, the court is not persuaded that filing this submission is warranted. Although courts have in rare instances exercised their discretion to permit third–party submissions in criminal cases, neither the Federal Rules of Criminal Procedure nor the Local Criminal Rulescontemplate the filing of amicus curiae briefs. At this time, the court does not find it necessary to depart from the ordinary procedural course by permitting this filing". Signed by Judge Tanya S. Chutkan on 9/27/2023. (zhsj) (Entered: 10/05/2023) |
| 09/27/2023 | 72 | LEAVE TO FILE DENIED– Motion of D.A. Feliciano for Leave to File Amicus Curiae Brief Supporting Neither Plaintiff Nor Defendant as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. "Although courts have in rare instances exercised theirdiscretion to permit third–party submissions in criminalcases, neither the Federal Rules of Criminal Procedure northe Local Criminal Rules contemplate the filing of amicuscuriae briefs. At this time, the court does not find it necessaryto depart from the ordinary procedural course by permittingthis filing". Signed by Judge Tanya S. Chutkan on 9/27/2023. (zhsj) (Entered: 10/05/2023) |
| 09/27/2023 | 73 | LEAVE TO FILE DENIED– New Motion to Intervene–New Fresh Most Recent Evidence Relate 6/4/2009 &11/4/2008 as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. "Even if construed as a motion for leave to file an amicus curiae brief, the court is not persuaded thatfiling this submission is warranted. Although courts have in rare instances exercised their discretion topermit third–party submissions in criminal cases, neither the Federal Rules of Criminal Procedure northe Local Criminal Rules contemplate the filing of amicus curiae briefs. At this time, the court does notfind it necessary to depart from the ordinary procedural course by permitting this filing".. Signed by Judge Tanya S. Chutkan on 9/27/2023. (zhsj) (Entered: 10/05/2023) |
| 09/27/2023 | 86 | LEAVE TO FILE DENIED– Petition for Writ of Error Coram Nobis as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. "Even if construed as a motion for leave to file an amicus curiae brief, the court is not persuaded that filing this submission is warranted. Although courts have in rare instances exercised their discretion to permit third–party submissions in criminal cases, neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules contemplate the filing of amicus curiae briefs. At this time, the court does not find it necessary to depart from the ordinary procedural course by permitting this filing". Signed by Judge Tanya S. Chutkan on 9/27/2023. (zhsj) (Entered: 10/09/2023) |
| 09/27/2023 | 87 | LEAVE TO FILE DENIED– Motion to Intervene as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. Even if construed as a motion for leave to file anamicus curiae brief, the court is not persuaded thatfiling this submission is warranted. Although courtshave in rare instances exercised their discretion topermit third–party submissions in criminal cases,neither the Federal Rules of Criminal Procedure northe Local Criminal Rules contemplate the filing ofamicus curiae briefs. At this time, the court does notfind it necessary to depart from |

| | | |
|---|---|---|
| | | the ordinaryprocedural course by permitting this filing." Signed by Judge Tanya S. Chutkan on 9/27/2023. (zhsj) (Entered: 10/09/2023) |
| 09/27/2023 | 88 | LEAVE TO FILE DENIED– Proof of Service as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. "Even if construed as a motion for leave to file an amicuscuriae brief, the court is not persuaded that filing thissubmission is warranted. Although courts have in rareinstances exercised their discretion to permit third–partysubmissions in criminal cases, neither the Federal Rulesof Criminal Procedure nor the Local Criminal Rulescontemplate the filing of amicus curiae briefs. At thistime, the court does not find it necessary to depart fromthe ordinary procedural course by permitting this filing".. Signed by Judge Tanya S. Chutkan on 9/27/2023. (zhsj) (Entered: 10/09/2023) |
| 09/27/2023 | 89 | LEAVE TO FILE DENIED– Motion for Reconsideration of Order Date 8/21/2023 as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. "Even if construed as a motion for leave to file an amicuscuriae brief, the court is not persuaded that filing thissubmission is warranted. Although courts have in rareinstances exercised their discretion to permit third–partysubmissions in criminal cases, neither the Federal Rulesof Criminal Procedure nor the Local Criminal Rulescontemplate the filing of amicus curiae briefs. At thistime, the court does not find it necessary to depart fromthe ordinary procedural course by permitting this filing". Signed by Judge Tanya S. Chutkan on 9/27/2023. (zhsj) (Entered: 10/09/2023) |
| 09/27/2023 | 90 | LEAVE TO FILE DENIED– Motion to Intervene as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. Even if construed as a motion for leave to file anamicus curiae brief, the court is not persuaded thatfiling this submission is warranted. Although courtshave in rare instances exercised their discretion topermit third–party submissions in criminal cases,neither the Federal Rules of Criminal Procedure northe Local Criminal Rules contemplate the filing ofamicus curiae briefs. At this time, the court doesnot find it necessary to depart from the ordinaryprocedural course by permitting this filing." Signed by Judge Tanya S. Chutkan on 9/27/2023. (zhsj) (Entered: 10/09/2023) |
| 09/27/2023 | 91 | LEAVE TO FILE DENIED– Motion of D.A. Feliciano for Leave to File Amicus Curiae Brief Supporting Neither Plaintiff Nor Defendant as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. "Although courts have in rare instances exercised theirdiscretion to permit third–party submissions in criminalcases, neither the Federal Rules of Criminal Procedure northe Local Criminal Rules contemplate the filing of amicuscuriae briefs. At this time, the court does not find it necessaryto depart from the ordinary procedural course by permittingthis filing." Signed by Judge Tanya S. Chutkan on 9/27/2023. (zhsj) (Entered: 10/09/2023) |
| 09/27/2023 | 92 | LEAVE TO FILE DENIED– New Motion to Intervene–New Fresh Most Recent Evidence Relate 6/4/2009 &11/4/2008 as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. "Even if construed as a motion for leave to file an amicus curiae brief, the court is not persuaded thatfiling this submission is warranted. Although courts have in rare instances exercised their discretion topermit third–party submissions in criminal cases, neither the Federal Rules of Criminal Procedure northe Local Criminal Rules contemplate the filing of amicus curiae briefs. At this time, the court does notfind it necessary to depart from the ordinary procedural course by permitting this filing". Signed by Judge Tanya S. Chutkan on 9/27/2023. (zhsj) (Entered: 10/09/2023) |
| 09/28/2023 | 63 | |

| | | |
|---|---|---|
| | | MOTION for Extension of Time to *File Pretrial Motions* by DONALD J. TRUMP. (Lauro, John) (Entered: 09/28/2023) |
| 09/28/2023 | | MINUTE ORDER as to DONALD J. TRUMP: It is hereby ORDERED that by October 3, 2023, the government shall file any opposition to both Defendant's 62 Motion for Access to CIPA § 4 Filing and an Adjournment of the CIPA § 5 Deadline and Defendant's 63 Motion for Extension of Time to File Pretrial Motions; and that the defense shall file any reply within three calendar days from the filing date of the government's opposition. Signed by Judge Tanya S. Chutkan on 9/28/2023. (zjd) (Entered: 09/28/2023) |
| 09/29/2023 | | MINUTE ORDER as to DONALD J. TRUMP: The court hereby schedules a hearing on the government's 57 Motion to Ensure that Extrajudicial Statements Do Not Prejudice These Proceedings on October 16, 2023 at 10:00 AM in Courtroom 9. The requirement of Defendant's appearance is waived for this hearing. Signed by Judge Tanya S. Chutkan on 9/29/2023. (zjd) (Entered: 09/29/2023) |
| 09/29/2023 | 64 | REPLY in Support by USA as to DONALD J. TRUMP re 57 MOTION to Ensure that Extrajudicial Statements Do Not Prejudice these Proceedings (Gaston, Molly) (Entered: 09/29/2023) |
| 10/02/2023 | 65 | Memorandum in Opposition by USA as to DONALD J. TRUMP re 62 Motion for Extension of Time to *File CIPA Section 5 and Response to Ex Parte Notice* (Windom, Thomas) (Entered: 10/02/2023) |
| 10/02/2023 | 66 | Memorandum in Opposition by USA as to DONALD J. TRUMP re 63 Motion for Extension of Time to *File Pretrial Motions* (Windom, Thomas) (Entered: 10/02/2023) |
| 10/03/2023 | | MINUTE ORDER as to DONALD J. TRUMP: By October 10, 2023, defense counsel John F. Lauro and Gregory M. Singer shall initiate and complete all security clearance tasks as directed by the Litigation Security Group of the U.S. Department of Justice, and thereafter file a Notice of Compliance by October 11, 2023. The Notice shall also state whether the defense anticipates that any other of its members, whose assistance is reasonably required, will need to obtain a security clearance. Signed by Judge Tanya S. Chutkan on 10/3/2023. (zjd) (Entered: 10/03/2023) |
| 10/03/2023 | | Set/Reset Deadlines as to DONALD J. TRUMP: Notice of Compliance due by 10/11/2023. (mac) (Entered: 10/03/2023) |
| 10/04/2023 | | MINUTE ORDER as to DONALD J. TRUMP: It is hereby ORDERED that court will hold an ex parte Classified Information Procedures Act hearing with the defense at a time and place arranged with defense counsel. Signed by Judge Tanya S. Chutkan on 10/4/2023. (zjd) (Entered: 10/04/2023) |
| 10/05/2023 | 74 | MOTION to Dismiss Case by DONALD J. TRUMP. (Lauro, John) (Entered: 10/05/2023) |
| 10/05/2023 | 75 | REPLY in Support by DONALD J. TRUMP re 63 MOTION for Extension of Time to *File Pretrial Motions* (Lauro, John) (Entered: 10/05/2023) |
| 10/05/2023 | 76 | REPLY in Support by DONALD J. TRUMP re 62 MOTION for Extension of Time to *File CIPA Sect. 5 and response to ex parte notice* (Lauro, John) (Entered: 10/05/2023) |
| 10/06/2023 | 82 | OPINION and ORDER as to DONALD J. TRUMP granting in part and denying in part Defendant's 62 Motion for Access to CIPA § 4 Filing and An Adjournment of the CIPA § 5 Deadline; granting in part and denying in part Defendant's 63 Motion for |

| | | |
|---|---|---|
| | | Extension of Time to File Pretrial Motions; and amending in part the court's 39 Pretrial Order. Defense objections to ex parte nature of government's CIPA § 4 submission due October 11, 2023; government response due October 18, 2023. Defense CIPA § 5 notice due on October 26, 2023, with supplemental notices due within 20 days of receiving access to additional classified discovery materials. Dispositive motions, including motions to dismiss, due October 23, 2023; oppositions due within 14 days of motion's filing; replies due within 10 days of opposition's filing. Rule 17(c) motions and motions to compel due November 9, 2023; oppositions due November 24, 2023; replies due December 1, 2023. See Opinion & Order for details. Signed by Judge Tanya S. Chutkan on 10/6/2023. (zjd) (Entered: 10/06/2023) |
| 10/06/2023 | 94 | LEAVE TO FILE DENIED– Notice of Appeal as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. "Even assuming a third party could file a notice of appeal in a criminal case which the Federal Rules of Criminal Procedure and Local Criminal Rules do not contemplate, this filing does not comply with Rule 3(c) of the Circuit Rules of the U.S. Court of Appeals for the District of Columbia Circuit". Signed by Judge Tanya S. Chutkan on 10/6/2023. (zhsj) (Entered: 10/10/2023) |
| 10/06/2023 | 96 | LEAVE TO FILE DENIED– Petition for a Writ of Habeas Corpus, Continued Judge Chutkan Impermissibly Held First Amendment to be Unconstitutional as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. Even if construed as a motion for leave to file an amicus curiae brief, the court is not persuaded thatfiling this submission is warranted. Although courts have in rare instances exercised their discretionto permit third–party submissions in criminal cases, neither the Federal Rules of CriminalProcedure nor the Local Criminal Rules contemplate the filing of amicus curiae briefs. At this time,the court does not find it necessary to depart from the ordinary procedural course by permittingthis filing". Signed by Judge Tanya S. Chutkan on 10/6/2023. (zhsj) (Entered: 10/10/2023) |
| 10/09/2023 | 85 | MOTION for Leave to Appear Pro Hac Vice Emil Bove Filing fee $ 100, receipt number ADCDC–10406576. Fee Status: Fee Paid. by DONALD J. TRUMP. (Lauro, John) (Entered: 10/09/2023) |
| 10/10/2023 | 93 | LEAVE TO FILE DENIED– Notice of Appeal as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. "Even assuming a third partycould file a notice of appeal in acriminal cases, which theFederal Rules of CriminalProcedure and and LocalCriminal Rules do notcontemplate, this filing does notcomply with Rule 3(c) of theCircuit Rules of the U.S. Courtof Appeals for the District ofColumbia Circuit".. Signed by Judge Tanya S. Chutkan on 10/6/2023. (zhsj) (Entered: 10/10/2023) |
| 10/10/2023 | 95 | LEAVE TO FILE DENIED– Notice of Appeal as to DONALD J. TRUMP This document is unavailable as the Court denied its filing. "Even assuming a third partycould file a notice of appeal in acriminal cases, which theFederal Rules of CriminalProcedure and and LocalCriminal Rules do notcontemplate, this filing does notcomply with Rule 3(c) of theCircuit Rules of the U.S. Courtof Appeals for the District ofColumbia Circuit".. Signed by Judge Tanya S. Chutkan on 10/6/2023. (zhsj) (Entered: 10/10/2023) |
| 10/10/2023 | 97 | MOTION for Order for Fair and Protective Jury Procedures by USA as to DONALD J. TRUMP. (Gaston, Molly) (Entered: 10/10/2023) |
| 10/10/2023 | 98 | |

| | | |
|---|---|---|
| | | MOTION for Formal Pretrial Notice of the Defendant's Intent to Rely on Advice−of−Counsel Defense by USA as to DONALD J. TRUMP. (Attachments: # 1 Text of Proposed Order)(Windom, Thomas) (Entered: 10/10/2023) |
| 10/10/2023 | | MINUTE ORDER as to DONALD J. TRUMP: It is hereby ORDERED that by October 20, 2023, the defense shall file any opposition to the government's 97 Motion for Fair and Protective Jury Procedures and 98 Motion for Formal Pretrial Notice of the Defendant's Intent to Rely on Advice−of−Counsel Defense; and that the government shall file any reply in support of those motions by October 25, 2023. Signed by Judge Tanya S. Chutkan on 10/10/2023. (zjd) (Entered: 10/10/2023) |
| 10/11/2023 | | MINUTE ORDER as to DONALD J. TRUMP: Granting 85 Motion for Leave to Appear Pro Hac Vice. Emil Bove is hereby admitted pro hac vice to appear in this matter on behalf of Defendant. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCrR 44.5(a).** Click for instructions. Signed by Judge Tanya S. Chutkan on 10/11/2023. (zjd) (Entered: 10/11/2023) |
| 10/11/2023 | 99 | MOTION for Discovery *(PRE−TRIAL RULE 17(c) SUBPOENAS)* by DONALD J. TRUMP. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit)(Lauro, John) (Entered: 10/11/2023) |
| 10/11/2023 | | MINUTE ORDER as to DONALD J. TRUMP: It is hereby ORDERED that by October 25, 2023, the government shall file any opposition to Defendant's 99 Motion for Pre−Trial Rule 17(c) Subpoenas; and the defense shall file any reply in support of its motion by November 1, 2023. Signed by Judge Tanya S. Chutkan on 10/11/2023. (zjd) (Entered: 10/11/2023) |
| 10/11/2023 | 100 | NOTICE *of Compliance* by DONALD J. TRUMP re Order,,, Set Deadlines,, (Lauro, John) (Entered: 10/11/2023) |
| 10/11/2023 | 101 | MOTION to Access *CIPA Section 4 Filing* by DONALD J. TRUMP. (Blanche, Todd) (Entered: 10/11/2023) |
| 10/13/2023 | 102 | NOTICE OF ATTORNEY APPEARANCE: Emil Bove appearing for DONALD J. TRUMP (Bove, Emil) (Entered: 10/13/2023) |
| 10/16/2023 | | Minute Entry for proceedings held before Judge Tanya S. Chutkan: Motion Hearing as to DONALD J. TRUMP held on 10/16/2023 re 57 Motion to Ensure that Extrajudicial Statements Do Not Prejudice These Proceedings. Order forthcoming. Bond Status of Defendant: appearance waived, remains on personal recognizance; Court Reporter: Bryan Wayne; Defense Attorneys: John F. Lauro and Todd Blanche; US Attorneys: Molly G. Gaston and Thomas Windom. (zjd) (Entered: 10/16/2023) |
| 10/16/2023 | 103 | TRANSCRIPT OF MOTION HEARING in case as to DONALD J. TRUMP before Judge Tanya S. Chutkan held on October 16, 2023; Page Numbers: 1−86. Date of Issuance: 10/16/2023. Court Reporter: Bryan A. Wayne. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. <br><br> Redaction Request due 11/6/2023. Redacted Transcript Deadline set for 11/16/2023. Release of Transcript Restriction set for 1/14/2024.(Wayne, Bryan) (Entered: 10/16/2023) |
| 10/16/2023 | 104 | NOTICE OF ATTORNEY APPEARANCE James Pearce appearing for USA. (Pearce, James) (Main Document 104 replaced on 10/17/2023) (zhsj). (Entered: 10/16/2023) |
| 10/17/2023 | 105 | OPINION and ORDER as to DONALD J. TRUMP: Granting in part and denying in part the government's 57 Motion to Ensure that Extrajudicial Statements Do Not Prejudice These Proceedings; and denying as moot the government's sealed 56 Motion to Ensure that Extrajudicial Statements Do Not Prejudice These Proceedings. Signed by Judge Tanya S. Chutkan on 10/17/2023. (zjd) (Entered: 10/17/2023) |
| 10/17/2023 | 106 | NOTICE OF APPEAL (Interlocutory) by DONALD J. TRUMP re 105 Memorandum Opinion,, Order,. Filing fee $ 505, receipt number ADCDC−10425241. Fee Status: Fee Paid. Parties have been notified. (Lauro, John) (Entered: 10/17/2023) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 1:23-cr-00257-TSC |
| DONALD J. TRUMP, | |
| *Defendant.* | |

## NOTICE OF APPEAL

Defendant President Donald J. Trump hereby provides notice that he appeals to the U.S. Court of Appeals for the District of Columbia Circuit from the Opinion and Order of the District Court dated October 17, 2023, ECF No. 105.

Dated: October 17, 2023

Respectfully submitted,

Todd Blanche, Esq. (PHV)
toddblanche@blanchelaw.com
Emil Bove, Esq. (PHV)
Emil.Bove@blanchelaw.com
BLANCHE LAW
99 Wall St., Suite 4460
New York, NY 10005
(212) 716-1250

*/s/John F. Lauro*
John F. Lauro, Esq.
D.C. Bar No. 392830
jlauro@laurosinger.com
Gregory M. Singer, Esq. (PHV)
gsinger@laurosinger.com
Filzah I. Pavalon, Esq. (PHV)
fpavalon@laurosinger.com
LAURO & SINGER
400 N. Tampa St., 15th Floor
Tampa, FL 33602
(813) 222-8990
*Counsel for President Trump*

1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| v. | |
| **DONALD J. TRUMP**, | Criminal Action No. 23-257 (TSC) |
| Defendant. | |

**OPINION AND ORDER**

For the reasons set forth below and during the hearing in this case on October 16, 2023, the government's Motion to Ensure that Extrajudicial Statements Do Not Prejudice These Proceedings, ECF No. 57, is **GRANTED** in part and **DENIED** in part.

Under binding Supreme Court precedent, this court "must take such steps by rule and regulation that will protect [its] processes from prejudicial outside interferences." *Sheppard v. Maxwell*, 384 U.S. 333, 363 (1966). The First Amendment does not override that obligation. "Freedom of discussion should be given the widest range compatible with the essential requirement of the fair and orderly administration of justice. But it must not be allowed to divert the trial from the very purpose of a court system to adjudicate controversies, both criminal and civil, in the calmness and solemnity of the courtroom according to legal procedures." *Id.* at 350–51 (cleaned up); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 n.18 (1984) ("Although litigants do not surrender their First Amendment rights at the courthouse door, those rights may be subordinated to other interests that arise in this setting. For instance, on several occasions this Court has approved restriction on the communications of trial participants where necessary to ensure a fair trial for a criminal defendant.") (quotation omitted). Here, alternative measures

Page **1** of **3**

such as careful *voir dire*, jury sequestration, and cautionary jury instructions are sufficient to remedy only some of the potential prejudices that the government's motion seeks to address.

In order to safeguard the integrity of these proceedings, it is necessary to impose certain restrictions on public statements by interested parties. Undisputed testimony cited by the government demonstrates that when Defendant has publicly attacked individuals, including on matters related to this case, those individuals are consequently threatened and harassed. *See* ECF No. 57 at 3–5. Since his indictment, and even after the government filed the instant motion, Defendant has continued to make similar statements attacking individuals involved in the judicial process, including potential witnesses, prosecutors, and court staff. *See id.* at 6–12. Defendant has made those statements to national audiences using language communicating not merely that he believes the process to be illegitimate, but also that particular individuals involved in it are liars, or "thugs," or deserve death. *Id.*; ECF No. 64 at 9–10. The court finds that such statements pose a significant and immediate risk that (1) witnesses will be intimidated or otherwise unduly influenced by the prospect of being themselves targeted for harassment or threats; and (2) attorneys, public servants, and other court staff will themselves become targets for threats and harassment. And that risk is largely irreversible in the age of the Internet; once an individual is publicly targeted, even revoking the offending statement may not abate the subsequent threats, harassment, or other intimidating effects during the pretrial as well as trial stages of this case.

The defense's position that no limits may be placed on Defendant's speech because he is engaged in a political campaign is untenable, and the cases it cites do not so hold. The Circuit Courts in both *United States v. Brown* and *United States v. Ford* recognized that First Amendment rights must yield to the imperative of a fair trial. 218 F.3d 415, 424 (2000); 830 F.2d 596, 599 (1987). Unlike the district courts in those cases, however, this court has found that

even amidst his political campaign, Defendant's statements pose sufficiently grave threats to the integrity of these proceedings that cannot be addressed by alternative means, and it has tailored its order to meet the force of those threats.  *Brown*, 218 F.3d at 428–30; *Ford*, 830 F.2d at 600. Thus, limited restrictions on extrajudicial statements are justified here.  The bottom line is that equal justice under law requires the equal treatment of criminal defendants; Defendant's presidential candidacy cannot excuse statements that would otherwise intolerably jeopardize these proceedings.

Accordingly, and pursuant to Local Criminal Rule 57.7(c), it is hereby **ORDERED** that:

> All interested parties in this matter, including the parties and their counsel, are prohibited from making any public statements, or directing others to make any public statements, that target (1) the Special Counsel prosecuting this case or his staff; (2) defense counsel or their staff; (3) any of this court's staff or other supporting personnel; or (4) any reasonably foreseeable witness or the substance of their testimony.

This Order shall not be construed to prohibit Defendant from making statements criticizing the government generally, including the current administration or the Department of Justice; statements asserting that Defendant is innocent of the charges against him, or that his prosecution is politically motivated; or statements criticizing the campaign platforms or policies of Defendant's current political rivals, such as former Vice President Pence.

In addition, the sealed version of the government's Motion to Ensure that Extrajudicial Statements Do Not Prejudice These Proceedings, ECF No. 56, is **DENIED** as moot.

Date: October 17, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. 23-cr-257 (TSC)** |
| | * | |
| **DONALD J. TRUMP,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

**GOVERNMENT'S OPPOSED MOTION TO ENSURE THAT EXTRAJUDICIAL
STATEMENTS DO NOT PREJUDICE THESE PROCEEDINGS**

Since the grand jury returned an indictment in this case, the defendant has repeatedly and widely disseminated public statements attacking the citizens of the District of Columbia, the Court, prosecutors, and prospective witnesses. Through his statements, the defendant threatens to undermine the integrity of these proceedings and prejudice the jury pool, in contravention of the "undeviating rule" that in our justice system a jury's verdict is to "be induced only by evidence and argument in open court, and not by any outside influence." *Sheppard v. Maxwell*, 384 U.S. 333, 351 (1966) (quotations omitted). In accordance with the Court's duty to "protect [its] processes from prejudicial outside interferences," *id*. at 363, the Government requests that the Court take the following immediate measures to ensure the due administration of justice and a fair and impartial jury: (1) enter a narrowly tailored order pursuant to Local Criminal Rule 57.7(c) that restricts certain prejudicial extrajudicial statements; and (2) enter an order through which the Court can ensure that if either party conducts a jury study involving contact with the citizens of this District, the jury study is conducted in a way that will not prejudice the venire. The Government obtained the defendant's position from counsel for the defendant, and he opposes this motion.

## I.      Background

As set forth in the indictment, after election day in 2020, the defendant launched a disinformation campaign in which he publicly and widely broadcast knowingly false claims that there had been outcome-determinative fraud in the presidential election, and that he had actually won.  ECF No. 1 at ¶¶ 2, 4.  In service of his criminal conspiracies, through false public statements, the defendant sought to erode public faith in the administration of the election and intimidate individuals who refuted his lies.  ECF No. 1 at ¶¶ 2, 28, 31-32, 42, 44, 74, 97, 100, 104, 111.  The defendant is now attempting to do the same thing in this criminal case—to undermine confidence in the criminal justice system and prejudice the jury pool through disparaging and inflammatory attacks on the citizens of this District, the Court, prosecutors, and prospective witnesses.  The defendant's conduct presents a "substantial likelihood of material prejudice" to these proceedings, and the Court can and should take steps to restrict such harmful extrajudicial statements.  *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1075 (1991).

### A.  <u>The Defendant Has a History of Inflammatory and Misleading Statements That He Knew or Should Have Known Would Cause Others to Harass and Harm Perceived Critics or Adversaries</u>

The defendant has an established practice of issuing inflammatory public statements targeted at individuals or institutions that present an obstacle or challenge to him.  In the period between the presidential election on November 3, 2020, and the congressional certification proceeding on January 6, 2021, the defendant trained his focus on the election system, including election officials and other individuals carrying out civic duties to implement fair elections in various states.  As a result, the defendant engendered widespread mistrust in the administration of the election, and the individuals whom he targeted were subject to threats and harassment.

Examples of this pattern, from the indictment and the Government's investigation, include the following:

- ████████████████████████ whom the defendant specifically targeted on the social media platform Twitter because ████ had publicly stated that there was no evidence of election fraud. *See* ECF No. 1, Indictment, ¶ 42; https://twitter.com/realDonaldTrump/status/1326525851752656898. After the defendant's tweet, ██████ observed an increase in the volume and severity of threats against him and his family. *See* House Select Committee to Investigate the January 6th Attack on the United States Capitol ("House Select Committee"), 6/13/22 Hr'g, at 1:47:14–1:47:43 ("After the President tweeted at me by name, calling me out the way that he did, the threats became much more specific, much more graphic, and included not just me by name but included members of my family by name, their ages, our address, pictures of our home. Just every bit of detail that you could imagine. That was what changed with that tweet.").[1]

- ██████████████████████████████ during the 2020 election, whose home address was listed on the internet and whose family was threatened with violence after the defendant and surrogates publicly derogated ████ for certifying the election. *See* Exhibit 1 at 3-6.

- █████████████████████████ during the 2020 election, who received threatening communications after ██████ certified the election and the defendant issued public posts about them. *See* Exhibit 1 at 26-27 (████████████████████████████████████████████████████████████████ ████████████).

- ████████████████████████ who required additional police protection after the defendant targeted ██████ on Twitter for ██████████ rejecting one of the defendant's election challenges. *See* Exhibit 1 at 41-44.

The defendant knows that when he publicly attacks individuals and institutions, he inspires others to perpetrate threats and harassment against his targets. On December 1, 2020, as the defendant was fueling an intense national atmosphere of mistrust and anger regarding the election, a Georgia election official held a widely televised press conference in which he pleaded with the

---

[1] *See* https://january6th-benniethompson.house.gov/legislation/hearings/06132022-select-committee-hearing.

defendant to stop, stating that if he did not, "Someone's going to get hurt, someone's going to get shot, someone's going to get killed."[2]  The defendant did not stop.  Instead, he continued—even to the present—to attack individuals whom he knows already suffered threats and harassment as a result of his words.  For instance:

- On November 17, 2020, the defendant fired ████████, his appointed director of the Department of Homeland Security's Cybersecurity and Infrastructure Security Agency after ████ made statements assuring the public of the integrity of the election.  *See* ECF No. 1 ¶ 11(d).  Later that month, after ████ appeared on a news program and again stated publicly that the presidential election had been secure, the defendant attacked him on Twitter, and on November 30, an agent of the defendant publicly stated that ████ "should be drawn and quartered.  Taken out at dawn and shot."[3]  This statement was so dangerous that the above-described Georgia election official mentioned it in his press conference when warning the defendant and others that such rhetoric would lead to violence.[4]  ████ and his family received death threats and had to evacuate their home, and through a December 8, 2020 lawsuit put the defendant on explicit notice of the threats and harassment the defendant had caused.[5]  The defendant continued to publicly attack ████ anyway.

- In 2020, the defendant and co-conspirators[6] spread false accusations of misconduct against ████████, a Georgia election worker, and ████████████████.  As a result, ████████████ were inundated by threats.  *See* ECF No. 1 ¶ 26.  ████ subsequently described the pernicious threats and intimidation she endured as a result of these false allegations in an interview with the House Select Committee, which publicly released a transcript of the interview on December 29, 2022.  *See* Select Committee Press

---

[2] *See* NBC News, Georgia Secretary of State Press Conference (Dec. 1, 2020), https://www.youtube.com/watch?v=nH9FnY0qvNI.

[3] *See* CBC News, 60 Minutes (Nov. 29, 2020), https://www.cbsnews.com/news/election-results-security-chris-krebs-60-minutes-2020-11-29/; Newsmax, Howie Carr Radio Show (Nov. 30, 2020).

[4] *See* NBC News, Georgia Secretary of State Press Conference (Dec. 1, 2020), https://www.youtube.com/watch?v=nH9FnY0qvNI.

[5] *See* Case No. 484243V (Montgomery County, Maryland Circuit Court), Complaint (Dec. 8, 2020).

[6] A court in this District recently entered a default judgment against one of the defendant's co-conspirators in a lawsuit filed against him by ████████████ for his defamatory false claims.  *See* 21-cv-3354 (BAH), ECF No. 93, Order (Aug. 30, 2023).

Release, Release of Select Committee Materials (Dec. 29, 2022);[7] Select Committee Transcript at 8 ("Do you know how it feels to have the President of the United States to target you?  The President of the United States is supposed to represent every American, not to target one.  But he targeted me . . .  a small-business owner, a mother, a proud American citizen who stood up to help Fulton County run an election in the middle of the pandemic. . . . And, lo and behold, when someone as powerful as the President of the United States eggs on a mob, that mob will come.  They came for us with their cruelty, their threats, their racism, and their hats.  They haven't stopped even today.").[8]  Within ten days of the public release of ████████ interview transcript, the defendant—despite the known threats the election worker had received, and the established falsity of the claims of misconduct— publicly attacked ██████ again on Truth Social through a series of repeated false claims.[9]

- Likewise, the defendant recently renewed attacks on former Georgia Lieutenant Governor ████████, whose harassment the defendant inspired in the aftermath of the election.  In December 2020, after Georgia's Governor and Lieutenant Governor rejected the defendant's calls to appoint the defendant's illegitimate electors in Georgia, the defendant issued a post labeling ██████ a "Rino Never Trumper" who was "dumb or corrupt" and urged, "We need every great Georgian to call him out!"  *See* https://twitter.com/realDonaldTrump/status/ 1336148836495069185.  Thereafter, ██████ reported, he received death threats.[10]  Nonetheless, last month, on August 14, 2023, when it was publicly reported that ██████ had been called to testify before a state grand jury in Fulton County, Georgia, the defendant posted on Truth Social that "[h]e shouldn't" testify.  *See* https://truthsocial.com/@realDonaldTrump/posts/110888087440060991.

The defendant continues these attacks on individuals precisely because he knows that in doing so, he is able to roil the public and marshal and prompt his supporters.  As he acknowledged in a televised town hall on May 10, 2023, his supporters listen to him "like no one else."[11]

---

[7]   *See*   https://january6th-benniethompson.house.gov/news/press-releases/release-select-committee-materials-4.

[8]   https://january6th-benniethompson.house.gov/sites/democrats.january6th.house.gov/ files/20220531_██████████████.pdf.

[9]   https://truthsocial.com/@realDonaldTrump/posts/109623460421938942; https://truthsocial.com/@realDonaldTrump/posts/109623536630848334; https://truthsocial.com/@realDonaldTrump/posts/109623623674619588.

[10]   MSNBC,   Morning   Joe,   https://www.msnbc.com/morning-joe/watch/georgia-s-lieutenant-governor-won-t-seek-reelection-turns-focus-to-gop-2-0-112276037799.

[11]   *See* CNN, Transcript of CNN's Town Hall with Former President Donald Trump (May 11, 2023), https://www.cnn.com/2023/05/11/politics/transcript-cnn-town-hall-trump/index.html.

**B.** **Since the Indictment, the Defendant Has Deployed Misleading and Inflammatory Statements About this Case to Undermine Confidence in the Justice System and Prejudice the Jury Pool**

The defendant made clear his intent to issue public attacks related to this case when, the day after his arraignment, he posted a threatening message on Truth Social:



And he has made good on his threat.  Since the indictment in this case, the defendant has spread disparaging and inflammatory public posts on Truth Social on a near-daily basis regarding the citizens of the District of Columbia, the Court, prosecutors, and prospective witnesses.  Like his previous public disinformation campaign regarding the 2020 presidential election, the defendant's recent extrajudicial statements are intended to undermine public confidence in an institution—the judicial system—and to undermine confidence in and intimidate individuals—the Court, the jury pool, witnesses, and prosecutors.  Below are select examples of the defendant's disparaging and inflammatory Truth Social posts.

    i.  Posts Attacking, Undermining, and Attempting to Intimidate the Court and the Jury Pool

The defendant has posted repeated, inflammatory attacks on the judicial system, the Court, and the citizens of the District of Columbia who comprise the jury pool in this case.  The defendant has made baseless claims—cited or inserted below—that the justice system is "rigged"[12] against him; that the Court is "a fraud dressed up as a judge in Washington, D.C. who is a radical Obama

---

    [12] *See* https://truthsocial.com/@realDonaldTrump/posts/110857162338915853.

hack" or is a "biased, Trump-hating judge";[13] and that he cannot get a fair trial from the residents

of this "filthy and crime ridden" District that "is over 95% anti-Trump."[14]



Donald J. Trump ✓
@realDonaldTrump

The Obama appointed Judge in  the FREE SPEECH Indictment of
me by my political opponent, Crooked Joe Biden's Department of
InJustice, shared professional ties at the law firm that worked for
Energy Company Burisma, based in Ukraine, of which Hunter
Biden and his associate were "proud" MEMBERS OF THE BOARD,
and were paid Millions of Dollars, even though Hunter knew
almost NOTHING about Energy. How much was the law firm
paid? So Horrible. This is a CLASSIC Conflict of Interest!
"GATEWAY PUNDIT"

**6.85k** ReTruths  **19.6k** Likes                     Aug 08, 2023, 4:47 PM



Donald J. Trump ✓
@realDonaldTrump

THERE IS NO WAY I CAN GET A FAIR TRIAL WITH THE JUDGE
"ASSIGNED" TO THE RIDICULOUS FREEDOM OF SPEECH/FAIR
ELECTIONS CASE. EVERYBODY KNOWS THIS, AND SO DOES
SHE! WE WILL BE IMMEDIATELY ASKING FOR RECUSAL OF THIS
JUDGE ON VERY POWERFUL GROUNDS, AND LIKEWISE FOR
VENUE CHANGE, OUT IF D.C.

**11.2k** ReTruths  **42.6k** Likes                      Aug 06, 2023, 9:26 AM

---

[13] *See* re-post of https://truthsocial.com/@marklevinshow/posts/110973488250507373;
https://truthsocial.com/@realDonaldTrump/posts/110980188106641474.

[14] *See* https://truthsocial.com/@realDonaldTrump/posts/110823476578708544.

- 7 -



ii.  Posts Attacking, Undermining, and Attempting to Intimidate Prosecutors

Similarly, the defendant has posted false and disparaging claims regarding the Department

of Justice and prosecutors in the Special Counsel's Office in an attempt to undermine confidence

in the justice system and prejudice the jury pool against the Government in advance of trial.  In a

video posted to Truth Social, the defendant called the Special Counsel's Office a "team of thugs."[15]



---

[15] *See* https://truthsocial.com/@realDonaldTrump/posts/110980188106641474.

- 8 -



Recently, the defendant has spread knowingly false accusations of misconduct against a prosecutor in the Special Counsel's Office working on the case in which the defendant was indicted in the Southern District of Florida in June 2023, *see United States v. Donald J. Trump, et al*, Case No. 9:23-cr-80101-AMC, ECF No. 30 at 1 (S.D. Fla. June 21, 2023), and connected those false accusations to this case in the District of Columbia by calling the Court a "biased, Trump Hating Judge," as shown below.  In his posts on this topic, the defendant repeatedly makes the knowingly false claim that Special Counsel's Office prosecutors went to the White House in advance of the defendant's June 2023 indictment for improper reasons.



- 9 -



It has just been reported that aides to TRUMP prosecutor, Deranged Jack Smith, met with high officials at the White House just prior to these political SleazeBags Indicating me OVER NOTHING. If this is so, which it is, that means that Biden and his Fascist Thugs knew and APPROVED of this Country dividing Form of Election Interference, despite their insisting that they "knew nothing." It's all a BIG LIE, just like Russia, Russia, Russia, & not knowing about son's business dealings. DISMISS CASE!

8.52k ReTruths   28.2k Likes                    Aug 28, 2023, 8:07 AM

In fact, as the defendant well knows from the formal FBI FD-302 interview report and agent notes that he received in discovery on June 21, 2023, in the Southern District of Florida case, on March 31, 2023, the Special Counsel's Office prosecutor conducted a routine investigative interview of a career military official at that official's duty station—the White House.  The defendant's objective in spreading a knowing lie to the contrary—including by re-posting others' Truth Social posts naming the prosecutor and repeating the lie[16]—is an attempt to prejudice the public and the venire in advance of trial.

    With that same goal, the defendant has posted misleading claims on Truth Social to insinuate misconduct by the Special Counsel's Office in pursuing ordinary court-approved process or seeking the indictment in this case.  Regarding a search warrant and non-disclosure order that the Government received from the court consistent with the law, for instance, the defendant falsely claimed that the Special Counsel's Office broke into his former Twitter account[17] in a "major 'hit' on my civil rights" and queried whether the Special Counsel directed the Select Committee to

---

    [16] On August 28, the defendant re-posted a Truth Social post doing exactly this.  *See* https://truthsocial.com/@marklevinshow/110969978988667723.

    [17] *See* https://truthsocial.com/@realDonaldTrump/posts/110886100439412597.

"DESTROY & DELETE all evidence."[18]  And on August 2, the defendant posted a quote alleging, without any basis, that the indictment that a federal grand jury in this case returned had been directed by the sitting president: "'Joe Biden directed his Attorney General to prosecute his rival. This is not an independent Justice Department, this is not an independent special counsel.  This is being directed by the Commander-in-Chief."[19]  Through such posts, the defendant is attempting to submit his false and inflammatory claims to the public and jury pool outside of court, because he knows that any such claims made before the Court in the form of motions to suppress or of vindictive prosecution will fail because they must be supported by evidence—of which there is none.

    iii.  <u>Posts Bolstering or Attacking and Attempting to Intimidate Witnesses</u>

The defendant has also posted publicly about individuals whom he has reason to believe will be witnesses in this trial.  For instance, on August 30, the defendant posted a video attacking the former Attorney General of the United States, a potential witness in this case, on the very subject of his testimony.[20]  Steadily since indictment, the defendant has publicly bolstered certain prospective witnesses in this case, while attacking others, in an effort to influence the public's and the jury pool's impressions of potential witnesses outside of the courtroom.  Examples of such posts are below.

---

[18] *See* https://truthsocial.com/@realDonaldTrump/posts/110860965885418709.

[19] *See* https://truthsocial.com/@realDonaldTrump/posts/110823008009285486.

[20] *See* https://truthsocial.com/@realDonaldTrump/posts/110980538393058556.



Donald J. Trump ✔
@realDonaldTrump

The greatest Mayor in the history of New York City was just
ARRESTED in Atlanta, Georgia, because he fought for Election
Integrity. THE ELECTION WAS RIGGED & STOLLEN. HOW SAD
FOR OUR COUNTRY. MAGA!

11.8k ReTruths   39.1k Likes                        Aug 23, 2023, 5:00 PM



Donald J. Trump ✔
@realDonaldTrump

WOW, it's finally happened! Liddle' Mike Pence, a man who was
about to be ousted as Governor Indiana until I came along and
made him V.P., has gone to the Dark Side. I never told a newly
emboldened (not based on his 2% poll numbers!) Pence to put
me above the Constitution, or that Mike was "too honest." He's
delusional, and now he wants to show he's a tough guy. I once
read a major magazine article on Mike. It said he was not a very
good person. I was surprised, but the article was right. Sad!

10.1k ReTruths   34k Likes                        Aug 05, 2023, 5:20 PM

**C.  The Defendant's Public Posts Regarding this Case are Reasonably Likely to Prejudice the Jury Pool**

The defendant's relentless public posts marshaling anger and mistrust in the justice system, the Court, and prosecutors have already influenced the public.  For instance, on August 5, 2023, an individual was arrested because she called the Court's chambers and made racist death threats to the Court that were tied to the Court's role in presiding over the defendant's case.  *See United States v. Shry*, Case No. 4:23-mj-1602, ECF No. 1 at 3 (Criminal Complaint) (S.D. Tex. August 11, 2023).  In addition, the Special Counsel has been subject to multiple threats, and the specific Special Counsel's Office prosecutor that the defendant has targeted through recent, inflammatory public posts has been subject to intimidating communications.  Given the defendant's history described above and the nature of the threats to the Court and to the Government, it is clear that

- 12 -

the threats are prompted by the defendant's repeated and relentless posts. To the extent that the defendant's public posts reach the general public, they also reach the jury pool for this trial.

In addition, if unfettered, the way that the defendant is known to use public statements to intimidate individuals could affect potential jurors. A recent incident in this District illustrates the potential issue. Last week, in a trial against a self-professed supporter of the defendant who claimed to have been at the United States Capitol on January 6 because of the defendant's tweets, the jury sent the court a note expressing concern that the trial defendant (Fellows) might have information about the identity of jurors. *See United States v. Brandon Fellows*, Case No. 21-cr-83 (TNM) at ECF No. 141, Note ("We wanted to confirm that the defendent [sic] does not have any personal information on individual jurors, since he was defending himself. Includes name, address, etc."). This demonstrates the need to protect potential jurors from fear of threats and harassment that stem from the defendant's disparaging and inflammatory public statements.

## II. The Court Should Ensure That Public Statements by the Defendant and His Agents Do Not Prejudice These Criminal Proceedings

The defendant's repeated, inflammatory public statements regarding the District of Columbia, the Court, prosecutors, and potential witnesses are substantially likely to materially prejudice the jury pool, create fear among potential jurors, and result in threats or harassment to individuals he singles out. Put simply, those involved in the criminal justice process who read and hear the defendant's disparaging and inflammatory messages (from court personnel, to prosecutors, to witnesses, to potential jurors) may reasonably fear that they could be the next targets of the defendant's attacks. To protect the due administration of justice in these proceedings and ensure the impartiality of the venire, the Government proposes two narrowly tailored orders that impose modest, permissible restrictions on prejudicial extrajudicial conduct by the parties and counsel.

- 13 -

A. **The Court Should Issue an Order Pursuant to Local Criminal Rule 57.7(c) That Prohibits Certain Narrowly Defined Statements**

The Court has recognized its "obligation to prevent what the Supreme Court called in *Sheppard v. Maxwell* 'a carnival atmosphere of unchecked publicity and trial by media rather than our constitutionally established system of trial by impartial jury.'" 8/11/23 Hr'g Tr. at 71.  To fulfill that obligation, the Court may "take such steps by rule and regulation that will protect their processes from prejudicial outside interferences," including by "proscrib[ing] extrajudicial statements by any lawyer, party, witness, or court official which divulge[s] prejudicial matters." *Sheppard v. Maxwell*, 384 U.S. 333, 361 (1966).  Consistent with these principles, the Court should enter an order pursuant to this District's Local Criminal Rules imposing limited restrictions on certain extrajudicial public statements by the parties and attorneys in this case.

Local Criminal Rule 57.7 permits the Court, "[i]n a widely publicized or sensational criminal case," upon a motion or *sua sponte*, to "issue a special order governing such matters as extrajudicial statements by parties, witnesses and attorneys likely to interfere with the rights of the accused to a fair trial by an impartial jury."  LCrR 57.7(c); *see also* LCrR 57.7(b)(1), (3) (prohibiting pre-trial, public statements by lawyers that might prejudice the due administration of justice).  Courts in this District have exercised their authority under Local Criminal Rule 57.7(c) to issue orders restricting statements of counsel and parties in appropriate cases.  *See United States v. Stone*, No. 19-cr-18, ECF No. 36 at 3 (D.D.C. Feb. 15, 2019) (ordering, *inter alia*, attorneys to "refrain from making statements to the media or in public settings that pose a substantial likelihood of material prejudice to this case"); *United States v. Butina*, No. 18-cr-218, ECF No. 31 at 2 (D.D.C. Sept. 12, 2018) (ordering "all interested participants, in the matter, including the parties, any potential witnesses, and counsel for the parties and witnesses . . . to refrain from making statements to the media or in public settings that pose a substantial likelihood of material prejudice

- 14 -

to this case"). Other jurisdictions are in accord. *See United States v. Brown*, 218 F.3d 415, 428 (5th Cir. 2000) (upholding district court order restricting extrajudicial statements, and reasoning that the rationale of *Gentile* applies equally to attorneys and parties).

The Government seeks a narrow, well-defined restriction that is targeted at extrajudicial statements that present a serious and substantial danger of materially prejudicing this case. The Government's proposed order specifies that such statements would include (a) statements regarding the identity, testimony, or credibility of prospective witnesses; and (b) statements about any party, witness, attorney, court personnel, or potential jurors that are disparaging and inflammatory, or intimidating. *See* Exhibit 2. The Government's order also specifies that, consistent with other clarifications in Local Criminal Rule 57.7, the order is not intended to prohibit quotation or reference to public court records of the case or the defendant's proclamations of innocence. *Id*. This proposal is consistent with the permissible balance approved by the Supreme Court in *Gentile*, 501 U.S. at 1074-75, and specific enough to provide adequate notice to the parties and counsel of prohibited statements.

The defendant's past conduct, including conduct that has taken place after and as a direct result of the indictment in this case, amply demonstrates the need for this order. As illustrated by the examples discussed above, the defendant's statements reasonably could have a material impact on the impartiality of the jury pool while simultaneously influencing witness testimony. The defendant's repeated posts that he cannot receive a fair trial from this Court or from a jury of his peers in this District are substantially likely to undermine confidence in the justice system, affect the jury pool, or otherwise prejudice the due administration of justice. His misleading statements regarding the Special Counsel's Office and its investigation are designed to do the same. And his

- 15 -

targeting of specific witnesses seeks to either bolster or impeach witnesses not before this Court but instead in the court of public opinion before trial begins.

A supplemental order that extends some of the prohibitions that apply to defense counsel to the defendant himself is particularly warranted.  Shortly after the indictment in this case was unsealed, the defendant's lead counsel began a series of lengthy and detailed interviews in which he potentially tainted the jury pool by disseminating information and opinions about the case and a potential witness and described in detail legal defenses that he plans to mount, including defenses that may never be raised in court or that may be rejected by the Court before ever reaching the jury.[21]  Many of these statements by lead counsel violated Local Criminal Rule 57.7(b), which prohibits attorneys from releasing public extrajudicial statements regarding, among other things, "the identity, testimony, or credibility of prospective witnesses" and the "merits of the case or the evidence in the case."  In the time since the Court admonished the parties and counsel at the hearing regarding the motion for a protective order on August 11, 2023, *see* 8/11/23 Hr'g Tr. at 72, the Government is unaware of lead counsel making any additional public statements of this nature.  The defendant, however, has persisted.  The Court should therefore enter the order proposed by

---

[21] *See, e.g.*, CNN (August 1, 2023), https://www.youtube.com/watch?v=GW7Bixvkpc0; NPR (August 2, 2023), https://www.npr.org/2023/08/02/1191627739/trump-charges-indictment-attorney-jan-6-probe;      CNN      (August      6,      2023), https://www.cnn.com/videos/politics/2023/08/06/sotu-lauro-full.cnn; ABC, This Week (August 6, 2023),      https://abcnews.go.com/ThisWeek/video/mike-pence-best-witnesses-trial-john-lauro-102054360; NBC, Meet the Press (August 6, 2023), https://www.nbcnews.com/meet-the-press/video/august-6-john-lauro-and-rep-jamie-raskin-190118469904; CBS, Face the Nation (August  6,  2023),  https://www.cbsnews.com/video/face-the-nation-lauro-phillips-krebs/;  Fox, Fox News Sunday (August 6, 2023), https://www.foxnews.com/video/6332525513112; CBS, Face the Nation (August 6, 2023); For the Defense with David Oscar Marcus (August 6, 2023), https://podcasts.apple.com/us/podcast/john-lauro-for-donald-j-trump/id1536699806?i=1000623609326.

- 16 -

the Government to ensure the defendant does not undermine the integrity of these proceedings by disseminating statements defense counsel cannot make.

**B.** **The Court Should Issue an Order That Prohibits Contacting the Citizens of This District to Conduct Jury Studies Without First Notifying and Receiving Authorization from the Court**

The Court has already taken steps to protect the venire related to polling of prospective jurors related to this case.  At the status hearing on August 28, 2023, after the Government raised the issue of jury studies, and the defense suggested they may "sooner rather than later" conduct outreach to the jury pool to gather information for a potential change of venue motion, the Court instructed the defendant to notify the Court *ex parte* before conducting any polling in the District of Columbia in connection with a potential motion to change the trial venue.  *See* 8/18/23 Hr'g Tr. at 59-60.  In so doing, the Court noted that such polling "might affect the same jury pool you are claiming is not fair" and might "actually affect their ability to render a fair verdict by virtue of the kinds of questions you're asking, because questions can be phrased in all kinds of ways." *Id.*

Because of the potential prejudice that polling may cause, the Government respectfully requests that the Court set forth a process to review efforts by either party to engage in contacts with members of the jury venire in this District undertaken for the purpose of discussing case-specific facts, including any pretrial survey, poll, focus group, or similar study (hereinafter, "jury study").[22]  Specifically, the Court should (1) require either party to notify the Court before the party—or any individual or entity acting at the party's direction or under its control—undertakes any jury study in this District; (2) require the completion of any such jury study no later than 30 days before jury selection begins; (3) require either party to submit the proposed questions and

---

[22] At a later date, the Government intends to file a motion regarding other issues related to the jury, including the use of a juror questionnaire.

methodology *ex parte* for the Court's review before undertaking any jury study; and (4) require filing under seal of the name and address of each participant contacted in any jury study at least two weeks before jury selection.  A proposed order is attached as Exhibit 3.

Such an order is consistent with the Court's inherent authority to protect the "integrity and fairness" of the judicial system through preventing "comments that are likely to prejudice the jury venire." *Gentile*, 501 U.S. at 1075.  Though pretrial surveys are neither inherently suspect nor uncommon in trial litigation, *see Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 717 (Tex. 2020); *see also* Ellen Kreitzberg & Mary Procaccio-Flowers, *The Law, Art & Science of Selecting a Jury* § 3:3 (2022) (noting the utility of pretrial surveys), courts nonetheless maintain the authority to supervise and oversee their use.  *See United States v. Collins*, 972 F.2d 1385, 1398 (5th Cir. 1992) (district court reviewed materials related to Government's polling to determine whether it had compromised the integrity of jury selection); *Brewer v. Lennox Hearth Prod., LLC*, 546 S.W.3d 866, 877 (Tex. App. 2018) (finding that pretrial surveys are "subject to review by the presiding court in order to determine whether anything was done to compromise the integrity of the jury selection process"), *rev'd on other grounds*, 601 S.W.3d 704 (Tex. 2020).  If questions in a pretrial survey are worded to advocate for a certain party's position, or test the effectiveness of a party's message in addition to gathering information, they can have a potentially prejudicial effect.  *See Brewer*, 601 S.W.3d at 726 ("A campaign of disinformation, in whatever form, undermines the sanctity of the judicial process and is inimical to the constitutional promise of a fair and impartial jury trial.); *cf. United States v. Haldeman*, 559 F.2d 31, 64 n.43 (D.C. Cir. 1976) (finding that the district court did not err in relying more on comprehensive voir dire than "a poll taken in private by private pollsters and paid for by one side").

To guard against the damage that a pretrial survey could inflict on the venire—whether intentionally or not—this Court should exercise its inherent authority here. At least one district court has a standing order that requires the parties to provide advance notification "[w]hen the party decides that it will, or is likely to, commission" a pretrial mock trial, focus group, or similar study of the jury venire. *See* The Honorable Ron Clark, E.D. Tex. Standing Order RC-47 (Aug. 11, 2010). An order of this type "do[es] not *prohibit* use of surveys as a litigation tool" but instead "*regulate[s]* the practice . . . by (1) requir[ing] pretrial notice of intent to conduct such a study; (2) requir[ing] disclosure . . . of the methodology; (3) temporally limit[ing] proximity to trial; and (4) requir[ing] *in camera* submission of each participant's name and address in advance of the pre-trial conference." *Brewer*, 601 S.W.3d at 726 (emphasis in original). The Government has attached a proposed order that contains these features.

III. **Conclusion**

Consistent with its obligations to guard the integrity of these proceedings and prevent prejudice to the jury pool, while respecting the defendant's First Amendment rights, the Court should enter the proposed orders imposing certain narrow restrictions on the parties' public statements regarding this case and governing any jury studies the parties may undertake.

Respectfully submitted,

JACK SMITH
Special Counsel

By:    /s/Molly Gaston_____
Molly Gaston
Thomas P. Windom
Senior Assistant Special Counsels
950 Pennsylvania Avenue NW
Room B-206
Washington, D.C. 20530

- 19 -

# Exhibit 1 (Sealed)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. 23-cr-257 (TSC)** |
| | * | |
| **DONALD J. TRUMP,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

## <u>ORDER</u>

Having considered the parties' filings, and mindful of the Court's responsibility to protect the fundamental right to a fair trial by impartial jurors from comments that are likely to influence the outcome of the trial or prejudice the jury venire, *see Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1075 (1991), upon the Court's finding that a narrowly tailored order governing extrajudicial statements by the parties is the least restrictive measure to protect this process from materially prejudicial outside interference, and pursuant to Local Criminal Rule 57.7(c), the Court orders as follows:

1.      The parties in this case and their attorneys are prohibited from making or authorizing statements to the media or in public settings, including through social media, that pose a substantial likelihood of material prejudice to this case.  Such statements include, but are not limited to, (a) statements regarding the identity, testimony, or credibility of prospective witnesses; and (b) disparaging and inflammatory or intimidating statements about any party, witness, attorney, court personnel, or potential jurors.  The defendant is also prohibited from causing surrogates to make such statements on his behalf.

2.      Consistent with Local Criminal Rule 57.7, this prohibition does not preclude the defendant or his attorneys, agents, or others acting on his behalf from (a) quoting or referring

without comment to public records of the court in the case; (b) announcing the scheduling or result

of any stage in the judicial process; (c) requesting assistance in obtaining evidence; or (d)

announcing without further comment that the defendant denies the charges.

$$\overline{\hspace{6cm}}$$

HON. TANYA S. CHUTKAN
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. 23-cr-257 (TSC)** |
| | * | |
| **DONALD J. TRUMP,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

## <u>ORDER</u>

Before the Court are the parties' filings regarding pretrial surveys.  Participation in a pretrial survey, poll, or similar study ("jury study") increases the risk that otherwise qualified members of the jury pool will be disqualified from jury service either through participation in the jury study or through other extrajudicial knowledge concerning the facts of the case or the law to be applied.  Mindful of the Court's responsibility to "take such steps by rule and regulation that will protect" pretrial and trial proceedings "from prejudicial outside interferences," *see Sheppard v. Maxwell*, 384 U.S. 333, 363 (1966), the Court orders as follows:

1.      Either party must notify the Court *ex parte* before the party or any individual or entity acting at the party's direction or under the party's control undertakes any jury study in the District of Columbia.

2.      Any such jury study must be completed 30 days before the start of jury selection. The notification must include (a) a brief description of the intended methodology; (b) all questions that will be asked in the pretrial survey, poll, or study; and (c) the expected number of participants.

3.      The party may not begin the jury study until it is approved by the Court, and no party may use the results of any jury study unless it has been approved in advance by the Court. In order to safeguard the sanctity of the judicial system and ensure the constitutional promise of a

fair and impartial jury, the Court may require the party to edit or remove portions of the intended jury study.

4.      The party or parties who commission the jury study must retain the name and address of each participant contacted.  The party or parties who commissioned the survey, poll, or study shall supply the names of all participants to the Court at least two weeks prior to jury selection.


_____
HON. TANYA S. CHUTKAN
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA

v.                                                    Case No. 1:23-cr-257-TSC

DONALD J. TRUMP,

      Defendant.

_____/

**PRESIDENT TRUMP'S REPLY IN SUPPORT OF MOTION FOR
<u>EXTENSION OF TIME TO FILE PRETRIAL MOTIONS</u>**

After setting trial in this matter for March 4, 2024, the Court indicated that it would create

an initial pretrial schedule without argument, but that "[i]f the parties have conflicts or other issues

with the schedule other than the trial date, [a party] may file a motion to alter those dates after

consulting with opposing counsel regarding alternative dates."  Doc. 38 at 56.

This process is typically uncontroversial, with the government routinely agreeing to

reasonable extensions of pretrial deadlines, especially where—as here—a requested extension

would have no impact on the trial setting. With good reason, as the government's "interest . . . in

a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger v.

United States*, 295 U.S. 78, 88 (1935).

Not so here. Aware that its case legally insufficient and subject to dismissal, the prosecution

casts the mandates of *Berger* aside, cynically hoping that it can obtain a conviction by denying

President Trump his constitutional right to present a defense, including through motions addressing

fatal deficiencies in the indictment. The Court should reject these improper, irregular, and

unconstitutional tactics, and grant the Requested Extension, consistent with ordinary order.

1

## ARGUMENT

Acting as though this were a mine-run case proceeding along a well-worn road, the prosecution claims President Trump should need no more than two months to submit pretrial motions. The prosecution knows better. This case is the first of its kind in American history. Many, if not most, of President Trump's motions address wholly unique areas of the law that have never been litigated. To lodge these motions properly, counsel requires time to fully research and develop each issue and apprise the court of relevant authorities.

For this exact reason, Fed. R. Crim P. 12(c)(1) allows liberal extensions of the pretrial motion deadline, which does not exist to limit a defendant's right to present motions, but rather to facilitate decisions in advance of trial—an objective the Requested Extension fully achieves by placing the deadline nearly *three months* before jury selection.

Unable to dispute this, the prosecution grasps at straws, claiming the Requested Extension would result "in a cascade of conflicts" that would somehow "delay the trial until [President Trump's] preferred 2026 trial date." Doc. 66 at 7.  In support, the prosecution argues that pretrial motions *must* be submitted by the current deadline, or else there will not be enough time to address other pretrial issues before jury selection begins. *Id.*

Yet the prosecution's own original scheduling proposal contemplated far *less* time between the pretrial motion deadline and jury selection—a total of just 56 days. Doc. 23 at 2. Amazingly, the timeline the government once championed as providing ample time for "the Court and parties to fully litigate any pre-trial legal issues," *id*. at 1, is now "unworkable," even with an additional month. Doc. 66 at 8. The reason for this sudden reversal is plain—the prosecution's only interest in this case is not justice, but undermining its administration's primary political opponent, and the leading candidate in the 2024 presidential election. To do so, it is more than willing to contradict

2

itself, "strike foul" blows, and employ "improper methods calculated to produce a wrongful conviction." *Berger*, 295 U.S. at 88.

In truth, although President Trump vehemently objects to the current trial setting, the Requested Extension will have no effect on it, and the notion that a 60-day extension of a motion deadline would "delay the trial until . . .  2026," Doc. 66 at 7, is absurd on its face. Indeed, if the Court grants the Requested Extension, nearly nothing else in this case will be affected. The new deadline would still be before any other briefing deadlines in this case, including 19 days before the current deadline for motions *in limine* and suppression motions, and over a month before proposed jury instructions are due.[1] Rather than "vitiate the organizational principles underpinning the Court's selection of interim dates," Doc. 66 at 7, the Requested Extension would allow counsel the time necessary to ensure that all questions are fully researched, examined, and briefed.

As the Court is aware, defense counsel has devoted significant time and effort preparing comprehensive filings addressing numerous weighty issues of first impression that go to the core of our system of government and our most deeply held Constitutional rights, including in our extensive motion to dismiss filed today. President Trump intends to do the same with his remaining

---

[1] The prosecution relatedly argues that the Requested Extension should be denied because "pretrial motions would not even be ripe for the Court to consider until January 5, 2024—well after the deadlines for the parties to submit exhibits and *in limine* motions." Doc. 66 at 7. This, however, assumes: (1) pretrial motions must be decided before motions *in limine* may be filed, which is not the case, (2) that President Trump would file all his pretrial motions on the Requested Extension date, which is also incorrect, as our multiple, already-filed pretrial motions demonstrate, (3) that the prosecution could not take its own advice and "at that time move under Rule 12(c) for relief from the Pretrial Order," Doc. 66 at 5, or (4) that the prosecution could not request expedited consideration of any motions that it believes might affect its own future motions, especially given the numerous motions for which the Court has already set expedited response and reply schedules, including this motion. Finally, to the extent the Court believes the sequencing of other pretrial events should be adjusted to account for a December 8 motion deadline, it can easily do so without affecting the current trial setting.

motions, and, with the Requested Extension, will continue to file on a rolling basis, consistent with orderly motion practice in a complex case.

The Requested Extension is a reasonable and typical accommodation that will enable President Trump to review larger segments of the provided discovery and fully address the complex questions raised by the unique circumstances of this case. It will not affect any other deadlines or prejudice any party, and the case will continue to trial on schedule. Accordingly, President Trump respectfully requests the Court overrule the prosecution's objections and grant the Requested Extension.

## **CONCLUSION**

For the forgoing reasons, as well as those set forth in the underlying Motion, President Trump respectfully requests that the Court grant the Requested Extension and allow the parties until December 8, 2023, to file pretrial motions.

Dated: October 5, 2023

Todd Blanche, Esq. (PHV)
toddblanche@blanchelaw.com
BLANCHE LAW
99 Wall St., Suite 4460
New York, NY 10005
(212) 716-1250

Respectfully submitted,

*/s/John F. Lauro*
John F. Lauro, Esq.
D.C. Bar No. 392830
jlauro@laurosinger.com
Gregory M. Singer, Esq. (PHV)
gsinger@laurosinger.com
Filzah I. Pavalon, Esq. (PHV)
fpavalon@laurosinger.com
LAURO & SINGER
400 N. Tampa St., 15th Floor
Tampa, FL 33602
(813) 222-8990
*Counsel for President Trump*

4