ORAL ARGUMENT SCHEDULED NOVEMBER 20, 2023

No. 23-3190

───────────────────────────────

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

───────────────────────────────

**UNITED STATES OF AMERICA,**

*Plaintiff-Appellee*,

v.

**DONALD J. TRUMP,**

*Defendant-Appellant.*

───────────────────────────────

**MOTION OF AMERICA FIRST LEGAL FOUNDATION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE IN SUPPORT OF APPELLANT**

───────────────────────────────

America First Legal Foundation respectfully seeks leave to file the accompanying *amicus* brief in support of appellant. Counsel for President Trump has indicated that he consents to this motion; counsel for the United States stated that he "defers to the Court on the filing of the amicus brief." This motion and accompanying brief are filed within the time allowed by Federal Rule of Appellate Procedure 29(a)(6), and the panel's briefing order did not provide for a different time for the filing of *amicus* briefs. Consistent with Circuit Rule 29(b),

1

this motion is filed as soon as practicable given the highly accelerated briefing and argument schedule set in this case.

America First Legal seeks leave to file this brief because of its strong interests in both preventing executive overreach and participating in the political process that serves as a check on that overreach. While America First Legal litigates against the Executive Branch in a variety of contexts, as the attached brief states more fully, political accountability for unpopular actions is the most effective check on executive discretion. Many of America First Legal's employees wish to engage in political speech and association with appellant regarding the upcoming Presidential election, and the order under review in this case curtails their ability to do so. Likewise, America First Legal employs numerous individuals with extensive experience in the Executive Branch, and it therefore has special familiarity with the relationship between the exercise of executive discretion and political accountability for unpopular executive choices.

To the best of America First Legal's knowledge, there are no other *amici*, so the requirements of Circuit Rule 29(d) do not apply. America First Legal has further attempted to avoid duplication of appellant's argument by focusing on the separation-of-powers implications of the district court's gag order, rather than repeating the First Amendment or related arguments raised by appellant.

Given that the order implicates a single judicial officer's review of political speech and association made by a candidate for President in criticizing a specific senior Executive Branch officer, America First Legal believes these separation-of-powers concerns are plainly relevant to the case in the meaning of Federal Rule of Appellate Procedure 29(a)(3)(B). America First Legal believes that this additional viewpoint could provide the Court with useful assistance when reviewing the arguments provided in the parties' briefs.

## CONCLUSION

This Court should grant America First Legal Foundation's motion for leave to file the accompanying brief as amicus curiae in support of appellant.

Dated: November 14, 2023                    Respectfully submitted,

GENE P. HAMILTON
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave. SE #231
Washington, D.C. 20003
(202) 964-3721
gene.hamilton@aflegal.org

/s/ Judd E. Stone II
JUDD E. STONE II
   *Counsel of Record*
CHRISTOPHER D. HILTON
STONE | HILTON PLLC
1115 W. Slaughter Lane
Austin, TX 78748
(737) 465-7248
judd@stonehilton.com

## RULE 26.1 CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Circuit Rule 26.1, *amicus curiae* America First Legal Foundation declares that it has not issued stock to the public, has no parent company, and has no subsidiaries. No publicly held corporation owns 10% or more of its stock, as it has issued none.

November 14, 2023

/s/ Judd E. Stone II
Judd E. Stone II

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C) and Circuit Rule 32(a), this motion complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because the brief contains 406 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word in Calisto MT 14-point font.

November 14, 2023

/s/ Judd E. Stone II
Judd E. Stone II

## CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record who have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF. All parties in this case are represented by counsel consenting to electronic service.

November 14, 2023
                                    /s/ Judd E. Stone II
                                    Judd E. Stone II