**ORAL ARGUMENT OF THIS APPEAL IS SET FOR NOVEMBER 20, 2023 ON AN EXPEDITED BASIS**

Case No. 23-3190

_____

**IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

    v.

DONALD J. TRUMP,

                              Defendant-Appellant.

On Appeal From The United States District Court For The District Of Columbia
_____

**EMERGENCY MOTION FOR LEAVE TO FILE AMICUS BRIEF IN EXPEDITED CASE SET FOR EXPEDITED BRIEFING THIS PAST WEEK AND ORAL ARGUMENT ON NOVEMBER 20, 2023**
_____

      Amicus Christian Family Coalition (CFC) Florida, Inc. ("Amicus"), hereby moves pursuant to Fed.R.App.P. 29(a)(2) and Circuit Rules 27(f) and 29(b) on an emergency basis for leave to file its accompanying Amicus Brief in support of Appellant President Donald J. Trump. Amicus seeks the exercise of this Court's Pendent Appellate Jurisdiction to dismiss the indictment which is unconstitutional on its face, in violation of the First Amendment to the U.S. Constitution and/or Presidential Immunity. As shown in the Amicus Brief, the exercise of this Court's Pendent Appellate Jurisdiction is appropriate, and the underlying indictment is

-1-

unconstitutional on its face. This Court should grant this motion and should direct the parties to brief the issues of this Court's Pendent Appellate Jurisdiction and whether the underlying indictment violates the First Amendment to the U.S. Constitution and/or Presidential Immunity.

### PARTIES' CONSENT

Appellant consents to an amicus filing addressing the above Pendent Appellate issues. Appellee neither consents nor opposes an amicus filing on these issues but states that it "defers to the Court" on the matter.

### CIRCUIT R.27(f) STATEMENT REGARDING EXPEDITED TREATMENT

Expedited treatment is necessary on this motion, to avoid irreparable harm and in fairness to the parties, because this appeal has been set for expedited treatment in which the parties' briefs have been filed only within the past week and oral argument is set for November 20, 2023. Until Appellant's brief was filed only one week ago, it was impossible to determine whether this amicus filing would be necessary or appropriate pursuant to Circuit Rule 29(a) (must address only matters not addressed in party briefs) or the scope of relief to be requested therein.

### INTEREST OF AMICUS

Pursuant to Fed.R.App.P. 29(a)(3)(A), Amicus states that it is a non-profit corporation and a human rights and social justice advocacy organization representing over 500,000 fair-minded voters. Amicus actively seeks to protect

human rights and social justice in litigation and political forums. The performance of Amicus's function in legislative and executive forums depends upon the responsiveness of the political process and, in turn, upon the ability of public figures including the President to communicate freely with the public without fear of criminal liability for speech which a prosecutor deems "knowingly false." This is indispensible to the integrity and responsiveness of the political processes upon which Amicus depends to protect human rights and social justice.

The indictment in the present case seriously impairs the political process by making Presidential speech criminal if a prosecutor deems it to be "knowingly false." The indictment is a violation of the First Amendment and Presidential Immunity and should be challenged and dismissed in this appeal through the exercise of this Court's Pendent Appellate Jurisdiction which applies here, as shown in below and in the accompanying Amicus Brief.

## DESIRABILITY OF THE AMICUS BRIEF

**Overview And The Need For This Court To Exercise Its Pendent Appellate Jurisdiction To Dismiss The Indictment Not Merely To Protect The First Amendment and Presidential Immunity Which It Violates But Also To Prevent Endless Cycles Of Prosecutorial Retaliation By Each <u>New Presidential Administration Against Its Predecessor</u>**

In Compliance with Circuit Rule 29(a), the Amicus Brief is desirable because the party briefs have not addressed the following issues raised in the Amicus Brief: Amicus requests that this Court exercise its Pendent Appellant

Jurisdiction to address the constitutional insufficiency of the underlying indictment under the First Amendment and the doctrine of Presidential Immunity. This is essential for three reasons:

First, it is essential to protect the First Amendment – by promptly dismissing the indictment as an ongoing violation of the First Amendment rights of a then-sitting President and his audiences. The First Amendment does not tolerate the designation in the indictment that a sitting President's political arguments were "false" or "fraudulent" or even "knowingly false." Nor does it tolerate the accusation in the indictment that anyone, much less a sitting President, can somehow "conspire to defraud the United States" or "obstruct an official proceeding" by taking a position on a controversial political issue which a successor Administration deems "knowingly false."

Second, the President's unique role as Chief Executive of the Nation requires his immunity to (and dismissal of) criminal indictments which on their face impair his ability to perform his ordinary Presidential functions which lie within the outer perimeter of his official responsibility. This includes his Presidential responsibility to communicate with the nation and to seek re-election to continue the implementation of his official policies.

Third, addressing the facial insufficiency of the indictment is necessary to prevent horrendous abuse and partisan retaliation. The potential for abuse – and

endless cycles of retaliation by future Presidential Administrations against their predecessors – require an immediate stop. Continued proceedings under the present indictment are a dangerous precedent for retaliatory indictments by future Administrations which will be encouraged to criminalize political arguments by their predecessors they claim were "knowingly false" in what the present indictments alleges was a "conspiracy to defraud the United States." There is no more important function for this Court to perform than to quickly ensure the free and uninhibited flow of argument in the political process, especially by a sitting President, by removing the shackles imposed by the underlying indictment and preventing the retaliatory catastrophe it encourages.

This Court should exercise its Pendent Appellate Jurisdiction – to quickly and forcefully address the constitutional insufficiency of the underlying indictment, and dismiss it, lest its ongoing prosecution not only violate the First Amendment and the President's Immunity but also set a precedent which invites endless cycles of prosecutorial retaliation by future Administrations against predecessors whose political arguments they deem "knowingly false" in a "conspiracy to defraud the United States." As shown in the Amicus Brief, the exercise of this Court's Pendent Appellate Jurisdiction not only is constitutionally essential but also is perfectly consistent with the need for judicial economy and with the case law governing Pendent Appellate Jurisdiction.

## CONCLUSION

This Court should grant this emergency motion, permit the filing of the attached Amicus Brief, and direct the parties to brief the issues of this Court's Pendent Appellate Jurisdiction and the impact of the underlying indictment on the President's First Amendment rights and Presidential Immunity.

Dated: November 15, 2023

                Respectfully submitted,

                LAW OFFICE OF DENNIS GROSSMAN

                by: /s/ Dennis Grossman
                      Dennis Grossman
                Attorney for Amicus Curiae
                  CHRISTIAN FAMILY COALITION
                  (CFC) FLORIDA, INC.
                6701 Sunset Drive (Suite 104)
                Miami, Florida 33143
                (516) 466-6690
                dagrossmanlaw@aol.com

## ADDENDUM CONSISTING OF CORPORATE DISCLOSURE STATEMENT AND STATEMENT IDENTIFYING PARTIES

Movant/Amicus Christian Family Coalition (CFC) Florida, Inc. ("Amicus") is a nonprofit corporation which has no parent corporation. No publicly held corporation or other public entity owns 10% or more of Amicus's ownership interest.

General Nature and Purpose: Amicus is a human rights and social justice advocacy organization representing over 500,000 fair-minded voters. Amicus actively seeks to protect human rights and social justice in litigation and political forums. The performance of Amicus's function in legislative and executive forums depends upon the responsiveness of the political process and, in turn, upon the ability of public figures including the President to communicate freely with the public without fear of criminal liability for speech which a prosecutor deems "knowingly false." This is indispensible to the integrity and responsiveness of the political processes upon which Amicus depends to protect human rights and social justice.

Parties: The parties in the District Court and in this Court are the United States of American and Donald J. Trump. The District Court denied leave for amicus filings.

/s/ Dennis Grossman
Dennis Grossman

## CERTIFICATE OF SERVICE

I certify that on November 15, 2023 I caused the foregoing Motion and Addendum to be served on counsel of record for all parties in this appeal by filing the foregoing Motion and Addendum with this Court's ECF system which then transmitted the foregoing Motion and Addendum to all counsel of record in this appeal via this Court's ECF system.

<u>/s/ Dennis Grossman</u>
Dennis Grossman

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,043 words, excluding those portions excluded pursuant to Federal Rule of Appellate Procedure 32(f) and Circuit Rule 32(e)(1), according to Microsoft Word.

This document complies with the typeface requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and the type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(6) because it was prepared in a proportionally spaced typeface in Microsoft Word utilizing 14-point Times New Roman font.

<pre>
                                        /s/ Dennis Grossman
                                        Dennis Grossman
</pre>